JUDGB WILLIAMS
delivered the opinion op the court:
This was a suit by appellees, as holders, against Sousley, as acceptor, Wilson, Hicks, and Kenney, as drawers, and Dough-erty, as endorser, of a bill of exchange for $900.
Dougherty first set up a want of notice of protest for nonpayment as a defense.
Judgment was rendered against the drawers and acceptor; an execution issued, a small sum was made by the sale of the drawers’ property, after which Dougherty set up, as an additional defense, that, since the rendition of the judgment, the debt had been fully paid by the assignment of a whisky contract for 2,000 gallons, by the drawers to the plaintiffs; also that he was discharged by an agreement to extend further time, áse. By agreement, the cause was submitted to the decision of the court. “Plaintiffs then introduced Smith, one of the plaintiffs, who was sworn on his voir dire, who stated that he had no interest in the event of this suit; that such arrangements had been made between him and his co-plaintiffs that he had transferred the claim sued on to them. And, thereupon, the plaintiffs moved and offered to strike Thos. B. Smith’s name from the action as plaintiff, and that plaintiffs Wilson and Allen be substituted in the action in the place of Smith, Wilson and Allen. The plaintiffs offered to give security for costs, to which defendant objected, and the court overruled the objection and sustained the motion of plaintiffs; and, thereupon, on their motion, the name of Thos. B Smith was stricken from the action as plaintiff and the plaintiffs Nelson, and Allen substituted in the action; and Hon. L. W. Andrews entered himself on the record as security for costs for plaintiffs.”
Sec. 32, Civil Code provides that “where the right of the plaintiff is transferred or assigned, during the pendency of the *281 action, it may be continued in his name, or the court may allow the person to whom the transfer or assignment is made, to be substituted in the action, proper orders being made as to security for the costs.” This is a discretion given to the court, as matter of convenience to the parties, and to be exercised in the furtherance of justice; but, even in a proper case, it is not imperative on the court. It never was intended to authorize a member of a firm to transfer his.interest to his partners, and thereby divest himself of an interest, so as to make him a competent witness for his partners. Such partner is a necessary party to the record, either as plaintiff or defendant. Here he was made a plaintiff, and become responsible to the defendant for his costs.
Public policy does not require such a construction of this section of the Code as to permit a partner thus to divest himself of interest and become a witness; nor is it within the in-conveniencies or evils intended to be remedied by the Legislature.
In Warner vs. Turner, (18 B. Mon., 759,) the plaintiffs had transferred their entire right of action, and the notes sued on) to Turner, without recourse. Turner, by the order of the court, was substituted as plaintiff by becoming bound for past and futnre costs. This case was within the letter and spirit of said section.'
Andrews only become bound for the future costs of Wilson and Allen; and even they did not undertake to indemnify Smith against the liability for past costs. If the defendant should recover judgment for his costs, he would be entitled to the same against Smith as well as against Wilson and Allen. Smith, therefore, has a direct legal interest in the result of the suit, which, however small, was sufficient to exclude him. (Finnell vs. Cox, 3 Met., 246.)
The court erred in striking Smith’s name from the record as a plaintiff, and substituting Wilson and Allen alone as plaintiffs; also, in permitting Smith to testify in behalf of Wilson and Allen.
Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent herewith.