CASE 79—PETITION ORDINARY—SEPTEMBER 21.

## Cantrell vs. Hewlett, &c.

APPEAL FROM CALDWELL CIRCUIT COURT.

1. After a suit has been transferred by the plaintiff to a third person who is not a party to the action, and the defendant has been notified of such transfer, the defendant cannot compromise with the plaintiff for a dismissal of the action. An order of dismission thus secured was properly set aside by the circuit court, and on his motion the purchaser was properly made a party plaintiff and the judgment rendered for his benefit.

2. The testimony of a deceased witness taken on a former trial of the same cause between the same parties, may be proved orally and admitted as competent evidence. (*Thompson vs. Blackwell, &c.*, 17 *B. Monroe*, 624; 1 *Greenleaf*, section 163.) And the statements contained in a bill of exceptions of the testimony of a deceased witness are entitled to as much verity as the oral testimony of any witness to establish such evidence. (*Baylor vs. Smithers*, 1 *Monroe*, 6.)

---

Cantrell vs. Hewlett, &c.

---

JOHN RODMAN,　　　　　　　　　　　　For Appellant,
　　　　　　　　　　　CITED—

　　*Civil Code, sec.* 342.
　　1 *Stant. Rev. Stat., p.* 226.


A. J. JAMES and JOHN M. HARLAN,　For Appellee, Hewlett,
　　　　　　　　　　　CITED—

　　1 *Mon.,* 6–7.
　　1 *Stant. Rev. Stat.,* 551, *sec.* 4, *pp.* 226 *and* 551.
　　*Civil Code, sec.* 32.
　　18 *B. Mon.,* 759 ; *Warner vs. Turner.*
　　1 *Metcalfe,* 163.
　　18 *B. Monroe,* 612 ; *Neal vs. Elliott.*

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

This cause is for the second time in this court on the appeal of Cantrell, the defendant in the court below. The action was brought by R. P. Bearden to recover of Cantrell a slave named Anthony, or his value, and damages for the use and detention of him; and on the first trial in the circuit court resulted in a verdict and judgment for the plaintiff, which was reversed by this court for errors in the ruling of the court.

A new trial being ordered on the return of the cause, the plaintiff recovered a verdict at the June term, 1864, for "the boy Anthony, as claimed in the petition, or two hundred dollars if the boy cannot be obtained," and for $1,108 in damages for the hire or use of Anthony. A motion for a new trial was made, and while it was pending the plaintiff and defendant appeared and filed an agreement to compromise and dismiss the suit, which was made the judgment of the court, and an order of dismission was entered accordingly.

At a subsequent day of the same term it was ordered, that "it appearing to the court that an order was made

at the present term of this court, through mistake, dismissing this suit, it is therefore ordered that the same be set aside and held for naught, and thereupon J. R. Hewlett filed his affidavit, and a transfer from the plaintiff, R. P. Bearden, and cause is continued."

The transfer is as follows: "I have this day transferred to J. R. Hewlett a suit that I brought against James Cantrell for a boy, Anthony, and damages. I sell and transfer to Hewlett all my interest in and to said suit, of any and every description. October 27, 1863.

" R. P. BEARDEN."

This transfer is made part of Hewlett's affidavit, which states that, by virtue thereof, the affiant was the owner and transferee of the benefit of said suit long before said pretended compromise, and was so known to be by the defendant, who made the compromise to defraud him; and that Bearden is insolvent. The affiant prays that the motion for a new trial be overruled, and that he be substituted as a plaintiff in the action, and have the benefit thereof and all proper relief.

Afterwards, at a subsequent term of the court, in December, 1865, Bearden and Cantrell appeared, and moved the court to dismiss the action according to their said agreement; and Hewlett also appeared, and objecting to said motion, moved the court to substitute him as a plaintiff with R. P. Bearden, to which Bearden and Cantrell objected.

These conflicting motions being heard upon affidavits filed, the motion of Bearden and Cantrell was overruled, and that of Hewlett, sustained, to which ruling Bearden and Cantrell excepted. And the court then overruled Cantrell's motion for a new trial, and rendered a judgment against Cantrell for the recovery of the slave

Anthony, or his value, and the damages assessed by the jury, in the names of Bearden and Hewlett, for the benefit of the latter, from which Cantrell prosecutes this appeal.

If the court erred in setting aside the judgment of dismission, or in refusing afterwards. to dismiss the actions on the motion of Bearden and Cantrell, in pursuance of their agreement of compromise, it is not material, upon this appeal, to inquire whether or not the verdict should have been set aside for the causes assigned by Cantrell on his motion for a new trial, as in that event this court would not, on reversing the judgment, direct a new trial, but a dismission of the action according to said agreement.

The first question, therefore, for our determination is, did the court err in sustaining Hewlett's claim in opposition to Bearden's agreement to compromise and dismiss the action.

The *Civil Code, section* 32, provides, that "when the right of the plaintiff is transferred or assigned during the pendency of the action, it may be continued in his name, or the court may allow the person to whom the transfer or assignment is made to be substituted in the action; proper orders being made as to the security for costs."

This provision seems not only to confer on the assignee the right to be substituted for the plaintiff during the pendency of the action, but to continue it in the plaintiff's name for his benefit without such substitution. And if it be true, as insisted for the appellant, that the order of substitution made without amended pleading, and after the trial of the action, was irregular, yet the judgment, being in the name of Bearden for Hewlett's benefit, as well as in the name of Hewlett, such irregularity could not prejudice the rights of the appellant, if, in fact, Hewlett,

under said transfer, was entitled to control the action in opposition to the will of Bearden.

But it is insisted for the appellant that the assignment to Hewlett was within the prohibitory provision of the *1st section of chapter* 12 *of the Revised Statutes* (*vol.* 1, *p.* 226), and was therefore void.

That section declares—

"That all contracts, agreements, and conveyances, made in consideration of the services to be rendered in the prosecution or defense, or the aiding in the prosecution or defense in or out of court, of any suit, by any person not a party on record in such suit, whereby the thing sued for or in controversy, or any part thereof, is to be taken, paid, or received by such person for his services or assistance, shall be null and void."

Bearden and Hewlett, in their affidavits, differ as to the consideration of the assignment to the latter. According to the facts, as stated by Hewlett, the transaction was not illegal under the statute, the transfer being for an ample consideration paid and secured to be paid in money; and in this he is fully sustained by Witherspoon, the only witness who was present when the contract was made; while the only evidence in corroboration of Bearden's statement is the testimony of Mitcheson, who does not profess to have witnessed the transaction, but to have learned what he states from conversations of the parties. Upon this evidence, we concur in the opinion of the circuit court that the transaction was not illegal.

It satisfactorily appears that the appellant had notice of Hewlett's rights under the transfer to him before the compromise agreement was made; his payments under said agreement were, therefore, made in his own wrong.

Whether the order of the court, substituting Hewlett as a plaintiff in the action, was irregular or not, we are of the opinion that the court did not err in setting aside the judgment of dismission, and in subsequently over-ruling the motion of Bearden and Cantrell to dismiss the action.

It remains to be determined whether, for any cause, the appellant was entitled to a new trial.

On the trial, it was proved by Mrs. Clarinda Mitcheson that Elijah S. Mitcheson, her brother, who had been ex-amined as a witness on the previous trial, and whose testimony was embodied in a bill of exceptions on file in the cause, was then dead.

The plaintiff offered to read from said bill of excep-tions the testimony of said Mitcheson, to which the de-fendant objected, but the court permitted it to be read as evidence; and it is insisted for the appellant that this ruling was erroneous.

It is a well-established principle that the testimony of a deceased witness, taken on a former trial of the same cause, between the same parties, may be proved orally and admitted as competent evidence. (*Thompson vs. Blackwell, &c.,* 17 *B. Monroe,* 624; 1 *Greenleaf,* sec. 163.) And the statements contained in a bill of exceptions of the testimony of a deceased witness are entitled to as much verity as the oral testimony of any witness to establish such evidence. (*Baylor vs. Smithers,* 1 *Monroe,* 6.) We are clearly of the opinion that the ruling of the court was correct in permitting Mitcheson's testi-mony to be read from the bill of exceptions.

As to the ruling of the court in permitting the plaintiff to read as evidence the deposition of Lewis Martin, we think it was not erroneous, for the reason that, from the age and infirmity of the witness, and the inclemency of

the weather at the time, he could not safely attend the court.  (*Civil Code*, *sec.* 614.)

In regard to the evidence, it was of that description which it is the peculiar province of juries to weigh; and we perceive no such preponderance of evidence against the verdict of the jury as would authorize this court to disturb it.

Nor do we perceive any essential error in the ruling of the court as to instructions given or refused.  It seems to us to conform to the previous opinion of this court in this case.

Upon the whole case, we think the court properly overruled the motion of the defendant for a new trial; and, for the reasons we have indicated, the judgment is affirmed.