DUNN & ANDERSON v. JAS. M. ANDERSON.

Infants—Parent and Child—Necessaries Furnished Child—Payment for—Notice of Non-payment for Other Articles Furnished.

APPEAL FROM GARRARD CIRCUIT COURT.

September 16, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

From the evidence in this case it appears that when the goods were sold and delivered to Mrs. Anderson, she was living with her father, constituting one of his family, under 21 years of age, and although he had been found a lunatic, still for the support and maintenance of his family, including his daughter, Mrs. Anderson, his estate in the hands of his committee, would have been responsible, but it appears that appellants had been notified by the committee that for goods sold to the appellee, Mrs. Anderson, the estate of her father would not be responsible, and the credit for the goods sold to her, after that, was given to her alone, of which it seems she was notified. And if at the time they were purchased she labored under no disability, she would be liable for their value, but she alleges in her answer that at the time of the sale she labored under the disability of infancy, though was willing to pay for such articles as were bought for her own use, or such as were necessary for her. And her infancy at the time was proved by her sister. And there is no evidence that she has placed herself under any legal obligation to pay said account since that disability was removed. The judgment recovered against her by appellants is for as much as would cover the articles necessary for her in her condition in life; for this reason therefore, the judgment is as favorable to appellants as they are entitled to.

As to the alleged error of the court in refusing to permit Anderson, the retiring partner, to testify, he was a plaintiff, and as such had incurred costs, and even if he was otherwise competent after transferring his interest to Dunn, he could not have been examined until a bond with surety, or a bond satisfactory

.to the court had been tendered, securing not only to appellees the costs which might accrue, but those which had already accrued, or proper orders had been made securing all the costs—neither of which had been done in this case. Sec. 32, C. C.

But under the rulings of this court in Dougherty vs. Smith, Wilson & Co., 4 Met., 279, he was not competent.

No sufficient grounds were made out for a new trial, by reason of the affidavits, appellants got judgment for the additional sums they could have proved by *Mrs. Anderson and Mrs. Reid,* and as to the other witnesses, no sufficient reason is shown why their evidence was not produced on the trial. Appellants knew the witness who had gone to Missouri—was absent when they went into the trial, and knew what she would prove.

Judgment affirmed.

*Anderson, for appellants.*
*Dunlap, for appellees.*