## Brown's Administrators v. Little.

(Decided November 10, 1914.)

### Appeal from Perry Circuit Court.

1. Judgment—Revival—Assignment.—Where one was the party in interest at the time he instituted the action and assigned the claim while it was pending, if his assignee did not have himself substituted as party plaintiff, the latter is bound by the conduct of the former, and except as to costs, the defendant could not be prejudiced, and assignment will not of itself abate the action.
2. Torts—Tort Feasors—Release of One Does not Satisfy Whole Claim.—A satisfaction to, or release of one tort feasor does not necessarily operate as a complete satisfaction of the whole claim, or as a bar to prosecuting the claim against another.
3. Judgment—Revival—Res Judicata—Parties.—Where on appeal it was held that a judgment for costs should be revived, it was necessarily held that the party affected was a party to the appeal, and this being true he was bound by the judgment below, and his personal representative cannot again be heard to raise the question that decedent was not a party, and oppose revivor.

W. L. BROWN and HAZELWOOD & JOHNSON for appellant.

CHESTER GOURLEY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On April 4th, 1909, the appellee, C. J. Little, filed a

notice and entered motion thereon in the Perry Circuit Court to have a judgment revived against H. W. Brown and J. T. Blair, administrators of G. H. Brown, deceased, and which judgment was recovered by appellee, Little, and entered in that court in March, 1907, against Arch Cornett, G. H. Brown, and the executor of Vincent Boreing. To this notice and motion to revive the judgment, Brown's administrators demurred, and that being overruled, they filed an answer. The lower court sustained demurrer to the answer and revived the judgment. G. H. Brown's administrators appeal.

The answer assigned three reasons why the judgment should not be revived. (1) Because Little had no interest in it; (2) Because, since the rendition of the judgment, the estate of Vincent Boreing had fully satisfied the claim; and, (3) Because the judgment creating the demand is void and the cause of action is now barred by limitation. The judgment was claimed to be void for the alleged reason that G. H. Brown, the decedent, had never been served with summons, or entered his appearance, or employed an attorney or authorized any one to enter his appearance.

(1) With reference to the first ground, the answer avers that in 1906, Little sold and transferred all his interest in the judgment to the Continental Realty Company, and that since that time the Realty Company has been the sole owner. The alleged sale occurred more than a year before the judgment was entered. This motion to revive is an action touching the same subject matter. Section 18 of the Code requires that, "Every action must be prosecuted in the name of the real party in interest." When taken in connection with Section 20, Section 18 means that every action must be instituted or commenced in the name of the real party in interest. Section 20 says:

"If the right of the plaintiff be transferred or assigned during the pendency of the action, it may be continued in his name; or the court may allow the person to whom the transfer or assignment is made to be substituted in the action, proper order being made as to security for the cost."

It is not pretended that Little was not the owner of the property in controversy at the time he instituted the action, and so long as his assignee did not have himself substituted as party plaintiff, he is certainly bound by the conduct of Little, and, except as to cost, the defend-

ant could not be prejudiced. Warner v. Turner, 18 Ky. L. R., 756, and Dougherty v. Smith, 4 Met., 279, had under consideration this section and it was held to vest a discretion in the court to be exercised in the furtherance of justice, and that when a party to whom an assignment made is substituted, security should be required for cost, but if substitution is made without objection from the adverse party, the original party is released from liability for cost.

In the case of Cantrell v. Hewlett, etc., 2 Bush, 311, it was held that this section confers on the assignee the right to be substituted as a plaintiff, or prosecute the action in the name of plaintiff without said substitution. Taking as true, the statements of appellant's answer with regard to the assignment of Little's interest, it would appear that his assignee is continuing to prosecute the action in the name of Little, the plaintiff, without substituting himself. The Cantrell case, *supra,* holds that he may do this. We conclude that an answer showing simply an assignment by the plaintiff, without alleging facts showing that the defendant has been, or will be prejudiced thereby, is not a defense to the action.

The next ground is: "The said C. J. Little agreed to and with said Boreing as administrator to take and accept the sum of $1,493, in full discharge of said judgment and release the estate of said Boreing and his said administrator from all and every liability by reason thereof or caused thereby." The amount named is about one-half of the whole judgment and accrued interest. The effect of the pleading is that the payment released the estate of Boreing from all liability. The original action was in tort for trespass, and it is a well settled doctrine in this State, that a satisfaction to or release of one tort feasor does not necessarily operate as a complete satisfaction of the whole claim, or as a bar to the cause of action against another tort feasor. City of Louisville v. Nichols, 158 Ky., 516, and City of Covington v. Westbay, 156 Ky., 839.

The third ground is, that the judgment is void as to G. H. Brown, the decedent, because he was never served with summons and did not enter or authorize his appearance to be entered, and that the judgment being void the cause of action (damage for trespass) is barred by limitation. It may be conceded that if the judgment is void, then the original action is now barred by limitation. To understand the effect of the claim that

the judgment is void, it will be necessary to some extent to review the history of this litigation.

In 1898, the Kentucky Union Land Company and C. J. Little brought the action against Arch Cornett, Vincent Boreing and G. H. Brown, to enjoin defendants from cutting timber and removing logs, and to recover damage for the trespass. Joint answer was filed for defendants to this litigation by Back & Miller, attorneys, which answer was sworn to by Vincent Boreing, one of the defendants. The case proved to be a contest of title and the defendants won in the lower court. The Kentucky Union Company appealed. Kentucky Union Co. v. Cornett, 112 Ky., 677. This was in 1902. The judgment of the lower court was reversed, and it was held that the title was in the Kentucky Union Company, and, on a new trial, the only matter left for adjudication was the value of the timber cut. On the return of the case, the parties, by their attorneys, agreed to the facts upon which the second trial should be had. Judgment was entered on these agreed facts, but Little, who had then become the sole owner by purchase from the Kentucky Union Company, appealed. This court again reversed the judgment. This was in 1906. Little v. Cornett, 28 Ky. L. R., 1124. Upon a return of the case, judgment was entered as directed in the opinion, the amount of it being $1,798.50. This judgment was entered in March, 1907, and is the one now sought to be revived against G. H. Brown's estate.

When we come to consider that this controversy is sixteen years old; has been heard three times in the Perry Circuit Court; and is now here for the third time, the motion to revive is not surprising. The marvel is that anyone should survive to make it. As for Brown, the proof shows he was a party to the trespass, as much so as the other defendants. They were jointly engaged in the logging and lumber business, and that business led to the trespass complained of. Answers, motions, demurrers, agreements and many other papers were filed in the name of the defendants jointly, by their attorneys. The authority of these attorneys to answer for Boreing and Cornett is not disputed. The administrators merely claim that they were never employed nor authorized by Brown to answer for or represent him. On this motion to revive the judgment, the first answer of the administrators setting up the above facts is not verified. There is a verification to the amended answer,

but the verification is made by an attorney for the administrators—not by the administrators in person, and this attorney is only willing to say, "that he believes the statements of this amended answer are true."

No question is made as to the sufficiency of the answer for want of verification, but it is significant, in view of this defense set up after these many years of litigation that neither the appellants nor their attorneys are willing to allege or swear that the decedent Brown never knew of nor consented to any of the steps taken in his behalf. But it is unnecessary to pursue this inquiry further for we find it has already been adjudged that decedent Brown was a party to the litigation.

The record in this court on the second appeal (28 Ky. L. R., 1124) discloses these facts: Judgment was entered against Brown and the other defendants for cost. Before the mandate issued, Brown died. Little, who was the appellant, gave notice and entered a motion to revive in this court the judgment for cost against Brown's estate. The administrators demurred to the notice, and to the jurisdiction of the court, and then filed an answer to the notice and motion. This answer sets up all of the foregoing facts with reference to jurisdiction in avoidance of the judgment.

On consideration of the whole matter, this court sustained the motion to revive the judgment. In holding that the judgment for cost should be revived against Brown, the court necessarily held that he was a party to the appeal, and if a party to the appeal, he was bound by the judgment below. In view of this state of the record, appellants cannot be heard to again raise the question.

For these reasons, the judgment of the lower court is affirmed.