# Thompson v. Board of Drainage Commissioners of Muhlenberg County et al.

(Decided Feb. 1, 1935.)

L. P. TANNER for appellant.

NEWTON BELCHER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Maud Thompson sued the board of drainage commissioners of Muhlenberg county and Jethro and Albert Buchanan to recover $500 for timber cut from a tract of 124 acres of land which she alleged she owned and to obtain an injunction against further trespasses thereon, and having been unsuccessful she has appealed. To understand this lawsuit we must first look at two others which are set out in the pleadings.

## The Drainage Suit.

The 124-acre tract of land described in the petition was prior to August, 1922, owned by the heirs of one Andrew Glenn and Sallie J. Thompson, and by a judgment of the Muhlenberg county court at its May term, 1922, 72.68 acres of said tract of land were included in drainage district No. 3 in Muhlenberg county, Ky., which was established by that judgment, and at the

September term of said county court, these 72.68 acres of land were duly appraised and classified as required by law, and the assessment record and roll of said district was filed in said county court, November 14, 1922. The amount of the minimum district assessment against these 72.68 acres was fixed at $461.84, and the amount of the district interest assessment was $374.

On December 2, 1922, the board of drainage commissioners made and entered an order permitting the owners of land in the district to pay the minimum district assessments in cash on or before January 15, 1923. Sallie J. Thompson had acquired a small interest in the 124-acre tract of land, of which the 72.68 acres were a part, on or before August 23, 1922, and acquired the remaining interests December 16, 1922. Neither she nor the heirs of Andrew Glenn had paid the minimum district assessment in whole or in part on January 15, 1923, when the bonds of said district were issued against the tracts of land upon which the cash payments were not made under the 15-year payment plan as provided by law. The district register was duly made and approved by the court, and the annual payment assessed against this 72.68 acres of land in the district register was $43.92. The first of the installments became due and delinquent on December 1, 1923, and the second, third, fourth, and fifth of said annual installments became due and delinquent on December 1, 1924, 1925, 1926, and 1927, respectively; and Sallie J. Thompson failed and refused to pay any of said annual installments, or any part thereof.

### Suit to Collect Assessments.

Assessments due in 1923, 1924, 1925, 1926, and 1927 not being paid, this 72.68 acres was sold by the sheriff and purchased by the board.

On December 1, 1928, the sixth of these assessments was due and delinquent. On December 29, 1928, the board of drainage commissioners filed their action in equity in the Muhlenberg circuit court describing this 72.68 acres, and setting up the foregoing and other facts necessary under section 2380b-30, Ky. Stats., to enforce their lien against the said tract of land. Sallie J. Thompson and her husband, J. M. Thompson, were served with summons. This summons is in the usual form, was directed to the sheriff of Warren county,

where Mr. and Mrs. Thompson then resided, and the return thereon is: "Executed by delivering a true copy of the within summons to each Sallie J. Thompson and J. M. Thompson, this January 14, 1929. H. Lee Kelly, S. W. C. by Roy Mouller, D. S." Judgment and order of sale of the 72.68 acres was entered September 21, 1929. The property was advertised, was appraised, and on October 28, 1929, it was sold, and the board of drainage commissioners became the purchaser. On January 14, 1930, sale was reported, January 21 the sale was confirmed, and September 25, 1931, a deed was made to the purchaser. The board thereafter leased this 72.68 acres to Jethro Buchanan, who entered upon it and began cutting timber, which started this litigation.

## Maud Thompson's Title.

On January 31, 1929, Sallie J. Thompson and her husband, J. M. Thompson, executed a deed to their daughter, Maud Thompson, by which they conveyed to her several tracts of land, and while the 124 acres of land described in Maud Thompson's petition was not included, it was intended to be included, and has been included by a subsequent deed, and for the purpose of this opinion we shall treat it as though it had been correctly described and included in the deed of January 31, 1929.

## The Suit Before Us.

The board and its lessee, Buchanan, in their answer set up with elaboration the proceedings had in the drainage suit and the suit to collect assessments, the lease of the 72.68 acres to Buchanan, and alleged that J. M. Thompson, acting either as agent of his wife or his daughter, Maud Thompson, had entered on this 72.68 acres and had cut and removed $300 worth of timber. They made Sallie J. Thompson and J. M. Thompson parties, prayed judgment against them and Maud Thompson therefor, that the petition of Maud Thompson be dismissed, etc.

## Reply.

Maud Thompson by reply denied everything set up in the suit to collect assessments. The court sustained a demurrer to this reply, Miss Thompson declined to plead further, her petition was dismissed, and she and

her father and mother were perpetually enjoined from asserting ownership of, entering upon, or otherwise disturbing the board of drainage commissioners or Jethro Buchanan in ownership, use, and enjoyment of the 72.68 acres, to which Maud Thompson alone excepted and prayed, and has prosecuted this appeal.

### Alleged Errors.

Maud Thompson admits that her attack upon the judgments rendered in the drainage suit and in the suit to collect assessments is collateral, but as she had in her reply denied every allegation as to what had been done in them, and had denied that process had been served upon her father and mother, which things must be taken as true in passing upon the demurrer, she now contends that by her reply when taken as true it is shown, so she contends, that the judgment in the suit to collect assessments was rendered by the court without service of process upon her parents, and hence the court had then no jurisdiction of them, and its judgment is void.

### The Officer's Return.

When this process was put in the hands of the officer it was his duty to serve it on Mr. and Mrs. Thompson and to make return showing what he did. We have set out above the return he made. The defendants made this summons and return parts of their pleading, and our question relates to the effect of the plaintiff's denial that service was made.

This service was a matter about which this officer was required to make a certificate, he made it, and it is set up in pleading, and plaintiff is attacking it. By section 3760, Ky. Stats., there are only three circumstances in which an attack upon an officer's certificate is permissible: (a) In a direct proceeding against the officer; (b) upon an allegation of fraud in the party benefited thereby; (c) upon an allegation of mistake on the part of the officer.

Miss Thompson has not attacked this return by any of those ways. There are no other ways. Therefore, her attack on this return is unavailing, the judgment in the suit to collect assessments is not void, and Miss Thompson is bound thereby as we shall show.

Sections 2358a-1 and 2380b-52 Ky. Stats.

While the drainage suit was pending Mrs. Thompson purchased the larger part of this 124 acres, and while the suit to collect assessments was pending Mrs. Thompson and her husband conveyed this 124 acres to their daughter, Maud Thompson. No lis pendens notice was ever filed in the county clerk's office as contemplated by section 2358a-1, therefore these ladies say they are not bound by subsequent proceedings in those suits. If section 2358a-1 stood alone their position would be correct, but after enacting section 2358a-1 et seq. in 1896, the Legislature in 1918 created an exception to it in certain cases. See section 2380b-52. Therefore, this position taken by these ladies cannot be sustained.

There is a vast difference between the attack here made on these judgments and the attack made upon the judgment in Francis v. Lilly's Executrix, 124 Ky. 230, 98 S. W. 996, 30 Ky. Law Rep. 391.

Miss Maud insists that her mother had for five years under sections 4156 and 4160, Ky. Stats., the right to redeem this land, but there is no question in this for us to decide, as her mother has never offered to redeem, so that question is not here. Miss Maud has attacked the description of the 72.68 acres as given in the suit to collect assessments, but at the most that would only render the judgment erroneous; it would not make that judgment void. Hence, if it were conceded this rendered the judgment erroneous, that is a matter not available in a collateral attack.

Judgment affirmed.