### Nicholson et al. v. Thomas et ux.

March 7, 1939.

James M. Gilbert, Judge.

ROBERT J. WATSON and E. P. NICHOLSON, JR., for appellants.

GARFIELD DRINNON, F. R. WHALIN and R. L. MADDOX for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

This is a suit to set aside a .default judgment.

In August, 1925, the John L. Humbard Construction Company, a corporation, filed suit against a number of property owners in Middlesboro, including J. C. Thomas and wife, to enforce street improvement liens. The case lay dormant for 12 years. In August, 1937, there was lodged in the clerk's office, and then entered on the order book, an order reciting that the right, title and interest of the Construction Company, both in the subject matter of the suit and the right to prosecute it, as well as all judgments theretofore entered therein, had been assigned and transferred to E. P. Nicholson, Jr., "by the Trustees of the East Tennessee National Bank and the Reconstruction Company, original plaintiff herein, (and) it is now ordered and adjudged that said E. P. Nicholson, Jr., be and he is hereby substituted as party plaintiff in this action, with full right and power to prosecute same in place and stead of John L. Humbard Construction Company and its successors in interest. However, this action shall be carried on the docket and prosecuted under the original style thereof." This was done without motion, without notice, and without the court being in session. At the January, 1938, term a default judgment was entered against Jones and others subjecting their property to the lien. It was in the name and favor of the John L. Humbard Construction Company. Shortly thereafter, when Jones became advised of it, he and his wife filed this suit to set aside the judgment and enjoin the officers of the court from selling their property and enforcing the lien. They pleaded as a defense that the property was not worth over $400, while the assessment was $915, and that only $200 was properly assessable against the property. A demurrer to the petition was overruled and its allegations controverted of record. A stipulation was filed to be considered as the evidence. The court awarded the plaintiff the relief asked and the defendants appeal, insisting that the original judgment is valid.

Among other grounds it was alleged that neither plaintiff had been served with process. The original summons had been lost but the docket bears an entry showing the parties were duly summoned. Mr. and Mrs. Jones denied they had ever been served with process. Neither the pleading nor the evidence meets the conditions prescribed by Section 3760 of the Statutes as necessary to impeach an official record of this character. It is essential on such an issue that the evidence be

clear and convincing in order to overcome the record of a properly served summons. Thompson v. Board of Drainage Commissioners of Muhlenberg County, 258 Ky. 68, 79 S. W. (2d) 381. The appellees must be regarded as having been before the court.

In this suit the following facts were disclosed: The Humbard Construction Company had been adjudged a bankrupt in the United States Court for the Eastern District of Tennessee in February, 1931. The Middlesboro street assessment claims, including that against the Jones property, had previously been pledged as collateral with two Knoxville banks and they had repledged them with the Reconstruction Finance Corporation. This corporation had duly presented its claim against the bankrupt. It had been agreed by the trustee in bankruptcy and others concerned that these street assessment claims, whose value aggregated $51,609.50, were worth $15,000. On December 20, 1935, the Referee in Bankruptcy directed the trustee to execute a bill of sale and assignment of those choses in action to the Reconstruction Finance Corporation, which he did. On August 24, 1937, that organization assigned its title to them and its interest in the pending suit in the Bell Circuit Court to Nicholson. That was followed by the order entered in vacation in that court as above described.

So far as its subsequent effect upon the right to prosecute the suit is concerned, we think the order is a nullity. The argument that when a plaintiff in a pending action assigns his rights therein no notice of the assignment or of the assignee's substitution as plaintiff, according to Section 20, Civil Code of Practice, need be given the defendant (Jewell v. Porter, 11 S. W. 717, 11 Ky. Law Rep. 162; Cantrell v. Hewlett, 65 Ky. 311, 2 Bush 311) is not in point. There was no substitution of proper record. Likewise the argument of appellees in relation to filing of a pleading other than on rule day without notice. This was not a pleading. Our consideration of the case goes forward as if this purported order had never been heard of.

The adjudication of bankruptcy does not of itself dissolve a corporation or terminate its existence. Theobald-Jansen Electric Company v. Harry I. Wood Electric Company, 6 Cir., 285 F. 29; Section 2, Collier on Bankruptcy. As picturesquely said by the Georgia Supreme Court, " 'Your money,' not 'your life,' is the de-

mand made by the bankrupt act." Holland v. Heyman, 60 Ga. 174; Black on Bankruptcy, section 250.

The plaintiff corporation continued to exist as would an individual continue to live. Its chose in action being litigated in the Bell Circuit Court was assigned by operation of the Bankruptcy Law, 11 U. S. C. A., and through its processes became the property of another.

Section 18 of the Civil Code of Practice provides that every action must be prosecuted in the name of the real party in interest, with certain specific exceptions named in Section 21. But Section 20 permits a change in a party plaintiff after the suit is filed and during the pendency of the action. It reads:

> "If the right of the plaintiff be transferred or assigned during the pendency of the action, it may be continued in his name; or the court may allow the person to whom the transfer or assignment is made be substituted in the action, proper orders being made as to security for the costs."

So, though the original party may have lost his interest in the subject matter by a transfer of title, yet his transferee, as the real party in interest, is given the right to continue the prosecution of the case in the name of the first plaintiff without having himself substituted. If he proceeds thus, he is bound by the conduct of the original party and the defendant cannot be prejudiced. Brown's Administrators v. Little, 160 Ky. 765, 170 S. W. 168.

A complication arises here that is not present in the usual assignment of a chose in action. The question is whether the nature of the assignment—the operation of the bankruptcy law vesting title first in the trustee and ultimately in the appellant, Nicholson,—makes any difference in the application of the provisions of Section 20 of the Civil Code of Practice, in permitting the action to be continued in the name of the bankrupt. This court has held that it does not. Ferree instituted an equity suit in which he asked judgment against Coulson. Before judgment Ferree was adjudged a bankrupt. Some time later a default judgment was rendered in his favor. When execution issued the defendant, Coulson, brought suit under subsection 4, section 518 of the Civil Code of Practice, praying that the judgment be set aside on the ground of fraud in obtaining it. We observed that the defendant seemed to have assumed that as the chose

in action had passed under the bankruptcy law to the assignee, there was no necessity on his part to take further notice of the pending suit. The fraud alleged was that the plaintiff had withheld from the court the fact of his bankruptcy. We pointed out that he was under no obligation to look after the defendant's side of the case and that it was the defendant's duty to plead the plaintiff's bankruptcy and passing of the subject matter to his assignee. Coulson v. Ferree, 82 S. W. 1000, 26 Ky. Law Rep. 959.

The judgment attacked in this suit was entered where the court had jurisdiction of the subject matter and of the parties. It could be set aside in only two ways. One was by an appeal establishing it to have been erroneous, and the other by a suit for a new trial on one or more of the grounds described in Section 518 of the Civil Code of Practice. The case before us was brought under that section. Other than that the defendants were not before the court and the invalidity of the order of substitution entered in vacation without notice, which we have discussed, the grounds of invalidity were that there was a defect of party plaintiff by reason of bankruptcy; that for more than a year before the judgment there was no pleading in the records sufficient to base the judgment upon; that the assignee, now the appellant, did not make a disclosure of the facts and status of the case to the court; and that no notice was given to the defendants in the original suit of the taking of the default judgment until it was too late to have it set aside on motion. Other than those we have discussed, it would seem so apparent that upon none of the grounds could the judgment be declared void, citation of authority is unnecessary.

Being of the opinion that the circuit court committed error in setting aside the original judgment and granting the defendants therein a new trial, the judgment appealed is reversed.