## Nicholson et al. v. Ausmus et al.

Oct. 17, 1939.

Robert J. Watson and E. P. Nicholson, Jr., for appellants.

Garfield R. Drinnon, F. R. Whalin and R. L. Maddox for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On January 19, 1925, the Board of Commissioners of the City of Middlesboro adopted an ordinance for the construction of certain streets in the city at the cost of the owners of property abutting on such streets. The John L. Humbard Construction Company was the lowest bidder, and was awarded the contract. After the completion of the work the construction company brought an action in the Bell circuit court against a number of persons, including J. C. Ausmus and wife,

owners of property abutting on the improved streets, to enforce street improvement liens. During the pendency of the action the Humbard Construction Company was adjudicated a bankrupt, and on August 24, 1937, an order was entered in the Bell circuit court reciting that all the right, title and interest of the construction company, both in the subject matter of the action and the right to prosecute the same, had been assigned to E. P. Nicholson, Jr., and it was ordered that he be substituted as party plaintiff and that the action should be carried on the docket and prosecuted under the original style thereof. This order was entered in vacation and without notice. On January 14, 1938, a default judgment was entered against J. C. Ausmus and others, subjecting their property to the lien. On May 16, 1938, J. C. Ausmus and wife brought this action to set aside the judgment and enjoin the officers of the court from selling their property and enforcing the lien. They alleged in their petition that they were never served with summons in the action filed against them by the John L. Humbard Construction Company, and knew nothing of the pendency of the action until notified by E. P. Nicholson, Jr., that a default judgment had been entered; that on February 9, 1931, the Humbard Construction Company was duly adjudicated a bankrupt in the United States District Court for the Eastern District of Tennessee and that the Humbard Construction Company was thereby dissolved, and that there had been no revivor of the action in the name of the trustee in bankruptcy or of any assignee thereof; that the pretended order of assignment to E. P. Nicholson, Jr., was not made upon any notice to the plaintiffs and was without effect; that for more than one year prior to the entry of the default judgment there were no pleadings or records sufficient to base the judgment upon, and the defendant E. P. Nicholson, Jr., through misrepresentation and failure to disclose the facts and status of the case to the court, obtained the judgment and order of sale. They also alleged that, after the street on which their property abutted had been improved, they requested an appraisal of their property, and that appraisers were appointed and the assessment fixed at the sum of $550, which they paid to the John L. Humbard Construction Company. A demurrer to the petition was overruled, and its allegations were controverted of record. A stipulation of facts relative to the service of summons in the case of John L. Humbard Construction Company v. J. C. Aus-

mus et al. was filed. On the submission of the case the court entered a judgment setting aside the judgment of January 14, 1938, and enjoining the defendants from proceeding thereunder. The defendants have appealed.

The facts in this case are identical in all respects except one to the facts in Nicholson v. Thomas, 277 Ky. 760, 127 S. W. (2d) 155, in which we reversed the judgment. There Thomas, the owner of abutting property on a street in the City of Middlesboro, improved by the John L. Humbard Construction Company under the same contract, brought an action to set aside a default judgment entered at the January, 1938, term of the Bell circuit court. We held that although the order entered without notice in August, 1937, substituting E. P. Nicholson, Jr., as plaintiff in the action, was a nullity, yet the action was properly prosecuted in the name of the John L. Humbard Construction Company, since the adjudication of bankruptcy did not terminate its existence, and that the default judgment was valid. It was also held in that case that the defendants under the stipulated facts were properly before the court. The stipulation of facts on that point in the present case is similar in all respects to the stipulation in the Thomas case. In the instant case Ausmus attempted to show that he had satisfied the lien against his property. He testified that he requested an appraisal of his lots and that the appraisal showed he was only liable for $550, and that he gave to the John L. Humbard Construction Company a check for that amount. He was unable to produce the canceled check or a receipt for same, and the lien had not been released on the records. He stated that the check was drawn on the Citizens Bank of Middlesboro, but he did not offer the records of the bank to show that his account had been charged with a payment of $550 at or about that time. The evidence was wholly insufficient to sustain his plea of payment. Furthermore, the plea came too late. Anderson v. Barry, 2 J. J. Marsh. 265.

All other questions argued by appellee were decided adversely to him in the case of Nicholson v. Thomas, supra, and, on the authority of that case, the judgment must be and is reversed.