## English v. Carter.

Oct. 12, 1945.

W. H. Hooks for appellant.

J. Gordon Lisanby and R. W. Lisanby for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, C. R. English, and the appellee, Ben T. Carter, owned adjoining tracts of land in Caldwell county. On May 7, 1942, Carter brought an action in ejectment against English, and in his petition alleged that English had wrongfully taken possession of a strip of land 50 ft. in width and 210½ poles in length, which was part of a tract of land that had been conveyed to plaintiff by William Carter, and that he had owned and been in possession of the land for 40 years. On the trial of the case the jury returned a verdict for the plaintiff, and it was adjudged that Carter was the owner of and entitled to the immediate possession of the land in dispute. After describing the land, the judgment concluded:

"And it is adjudged by the Court that a writ of possession will, in due course, issue, in favor of the plaintiff herein and against the defendant C. R. English.

"And the plaintiff will have and recover of the defendant C. R. English his cost in this action expended for which in due course execution will issue."

The judgment was entered June 14, 1942. No appeal was prayed for or granted, and on October 25, 1943, the court struck the case from the docket. On November 11, 1944, the plaintiff, pursuant to notice served on the defendant, moved the court to reinstate the case on the docket and to enter an order directing a writ of possession to issue. The defendant filed a response to the motion in which he alleged that the judgment was void for the reason that it "was obtained through fraud and misrepresentation in both the petition filed and the evidence, which was false and untrue, and known to be false and untrue when introduced, it being contradictory of the records of title to the strip of land sued for in said action." The defendant also moved to set aside the judgment of June 19, 1942. The circuit court reinstated the case on the docket and sustained the plaintiff's motion for a writ of possession. The defendant has appealed.

At the hearing on the motion, the defendant introduced three deeds which had been executed by the plaintiff. On February 21, 1941, plaintiff conveyed a tract of land to M. U. Lamb for life, and upon his death to his son, Edwin Lamb. The plaintiff reserved a life estate in the land. On October 24, 1944, he conveyed his life estate

in this tract to M. U. Lamb. On April 9, 1941, the plaintiff conveyed four tracts of land to W. Edwin Lamb, reserving a life estate which he still owns. The tracts of land described in these deeds embrace the strip of land in dispute. It appears to be appellant's contention that the judgment of June 19, 1942, is void because at that time the appellee was not the owner of the land. At the time the judgment was entered he owned a life estate in all of the land, and was entitled to the possession thereof. When appellant enclosed part of the land, appellee alone was authorized to maintain an action to recover its possession. In Brandenburg v. Petroleum Exploration, 218 Ky. 557, 291 S. W. 757, 759, this court said:

"A life estate is a freehold interest in land, the term of which continues during the life of the owner or of some other person and extends to and includes all parts of the land included in the interests of the remaindermen. * * * The life tenant has the same interest in the land during the existence of his estate that the remainderman has in it after it comes into the latter's possession, except that the life tenant may not commit waste. He owns the land during the term of the life estate, but has not the right to remove any part of the corpus, to the damage of the inheritance."

Free enjoyment is the very essence of a life estate, and enjoyment cannot be had without possession.

As the court found that appellant owned no interest in the land and adjudged that appellee was entitled to possession, appellant cannot complain because appellee owned only a life estate. No showing of fraud in the obtention of the judgment has been made.

It is finally insisted that Carter has no further interest in the litigation since he conveyed his life estate in one tract of land to M. U. Lamb subsequent to the judgment of June 19, 1942, and therefore is not entitled to the relief granted by the circuit court. Where the plaintiff transfers or assigns his right during the pendency of the action, the assignee may be substituted as a plaintiff or may prosecute the action in name of plaintiff. Nicholson v. Thomas, 277 Ky. 760, 127 S. W. 2d 155; Commonwealth v. Wilhoit, 274 Ky. 831, 120 S. W. 2d 670; Weil v. B. E. Buffalo & Co., 251 Ky. 673, 65 S. W.

2d 704; Brown's Adm'rs v. Little, 160 Ky. 765, 170 S. W. 168; section 20, Civil Code of Practice.

Judgment is affirmed.