## Stavros v. Bradley

June 23, 1950

Rehearing denied October 27, 1950.

W. Scott Miller, Judge

Samuel Steinfeld and Allen P. Dodd, Jr., for appellant.

Richard B. Crawford, Thomas S. Dawson, Louis. H. Jull and Arthur J. Deindoerfer for appellee.

CHIEF JUSTICE SIMS—Reversing.

This appeal is prosecuted from a judgment denying the right of appellant, Pete Stavros, to intervene in a suit to settle an estate, wherein the intervening petition averred he sought a declaration of the rights of the parties under the judgment entered in the settlement suit. It is necessary to give a brief history of the settlement action for a proper understanding of the question before us.

Thomas P. Bradley died Oct. 7, 1939, and his will devised a life estate in certain property in Ashland,

Kentucky, jointly to his wife and to a former wife from whom he was divorced, with remainder to his children and grandchildren in certain contingencies not here material. It was provided in the will that at the death of his wife or of his divorced wife, the survivor should take the entire life estate. The divorced wife died and appellee, Tillie Bartha Bradley, took the whole of the life estate as the surviving widow. She was named as executrix of her husband's will but was removed by the Jefferson Circuit Court and Edward L. Makey was appointed as administrator de bonis non. He filed in the Jefferson Circuit Court an action to settle the estate under Civil Code of Practice, sec. 428 et seq.

The Commonwealth Life Insurance Company held a lien on the property for $19,281.87, which appellee satisfied out of her own funds and in the judgment in the settlement suit she was subrogated to the lien of the insurance company in that amount, with six per cent interest per annum from Oct. 7, 1946, until paid, subject to a credit as of that date of $5,750 she owed the estate. The judgment which was rendered on Jan. 21, 1947, further ordered a sale of the Ashland property to satisfy appellee's lien. However, on her motion the sale was held up.

Appellant acquired all interest of the remainder-men with the exception of F. E. Bradley, a son of testator who had a contingent remainder interest in the property. On July 5, 1949, more than two years after entry of judgment in the settlement suit, appellant filed an intervening petition therein in which he set out the remainder interests he had acquired in the property and averred that a controversy existed between him and appellee: first, as to whether he can pay her lien and require her to assign same to him so he may have the property sold to satisfy it; and second, as to whether appellee has the right to charge interest on her lien debt in view of the fact it is the duty of the life tenant to pay interest on an indebtedness against the property.

Appellee's motion to strike the intervening petition and her special demurrer thereto were both sustained on the ground that the controversy between the parties had theretofore been determined in the judgment of Jan. 21, 1947, in the settlement suit which was binding upon appellant, since he was in privity with

the remaindermen whose interests he had purchased and who were parties to the settlement action.

The question presented on this appeal is a narrow one, whether the intervening petition of appellant sought to modify or to question the propriety of a prior final judgment or whether it sought an interpretation of the rights of the parties under that judgment.

Appellant insists that his intervening petition merely seeks to interpret the judgment in the settlement suit and he chiefly relies upon Ex parte County Board of Education of Montgomery County, 260 Ky. 245, 84 S.W.2d 59, and Hurley v. Hurley, 298 Ky. 178, 182 S.W.2d 652. The first case is an aftermath of and refers to Board of Education for Montgomery County v. Greer, 259 Ky. 97, 82 S.W.2d 196. These authorities sustain appellant's position that a declaratory action may be maintained for the purpose of construing a judgment where the parties do not know how to proceed thereunder or as to how the judgment affects them.

It is the contention of appellee that by his intervening petition appellant is making a collateral attack upon the judgment in the settlement suit, or is seeking to obtain a new trial on questions previously adjudicated. She cites Shearer v. Bacher, 207 Ky. 455, 269 S. W. 543, and Back's Guardian v. Bardo, 234 Ky. 211, 27 S.W.2d 960, which hold that a previously adjudicated question is not a subject for declaratory relief.

The intervening petition of Stavros makes no collateral attack on the settlement suit judgment when it avers that Tillie Bartha Bradley is insisting that as life tenant she is under no duty to pay the interest on the indebtedness of the estate. The decree in the settlement suit adjudged that Mrs. Bradley was subrogated to the lien of the insurance company and should receive interest thereon. Appellant admits this judgment is correct and his intervening petition does not attack it, but he argues that Mrs. Bradley is in error in her insistence that she should receive the interest the judgment provides she should collect on her lien. The intervenor asks the court to construe the judgment and to declare who should pay the interest adjudged in Mrs. Bradley's favor.

The rule is that it is incumbent upon the life tenant

to pay interest on an indebtedness against the estate. Todd's Ex'r., v. First Nat. Bank, 173 Ky. 60, 190 S.W. 468, and authorities therein cited. While Mrs. Bradley was given interest in the judgment, the law imposes upon her the duty of paying that interest, hence the proper construction to put upon the judgment is that Mrs. Bradley actually receives no interest since she must pay it to herself. This is the construction which appellant asks in his declaratory action. To hold otherwise would allow Mrs. Bradley as life tenant to make big inroads upon the fee of the estate and leave the remainder interest greatly diminished, since the interest on her lien amounts to almost $900 annually.

But appellant is in error when he insists he has the right to satisfy Mrs. Bradley's lien and force her to transfer it to him so that he can obtain a sale of the property in satisfaction of the lien. Where the life estate is in the entire property, the remainderman cannot force a sale of the property. It was written in English v. Carter, 300 Ky. 580, 189 S.W.2d 839, 840, "Free enjoyment is the very essence of a life estate, and enjoyment cannot be had without possession." Also see Bell v. Bell, 287 Ky. 7, 152 S.W.2d 263.

Since we have reached the conclusion that the chancellor under the declaratory action should not have decreed a sale of the property, we do not deem it necessary to determine whether appellant had all parties with remainder interest in the property before the court on his intervening petition.

The judgment is reversed with directions that the chancellor permit the intervening petition to be filed, overrule the demurrer thereto and then enter a judgment in conformity with this opinion.