RENDERED: AUGUST 19, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0567-MR

GARY DWAYNE DOEPEL                                                    APPELLANT

v.          APPEAL FROM TODD CIRCUIT COURT
            HONORABLE JOE W. HENDRICKS, JR., JUDGE
            ACTION NO. 19-CI-00125

CHRISTY MASON DOEPEL                                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  TAYLOR, K. THOMPSON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Gary Dwayne Doepel appeals from the entry of a

default judgment dissolving his marriage to Christy Mason Doepel.  The default

judgment also split the marital assets between the parties.  Appellant argues that

the court should have set aside the default judgment.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

The parties were married on December 30, 1991, and Appellee filed a petition for dissolution of marriage on October 17, 2019. Multiple attempts were made to serve a summons upon Appellant; however, those attempts failed. Appellant was finally served in October of 2020. Appellant claims he never received this summons, but there is a proof of service document in the record that service was completed by a sheriff's deputy.

On January 19, 2021, Appellee moved for default judgment. With the motion, she also tendered an affidavit detailing her desired property division. Essentially, each party was to keep all financial accounts solely in his or her name, each party was to be responsible for the debts each had in his or her own name, each party was to receive an automobile, each party was to retain the personal property he or she already had in his or her possession, and the marital real property was to be sold and the proceeds used to satisfy the debts on those properties. Any proceeds left from the sale of the real property were to be given to Appellant.

That same day, the trial court granted the motion for default judgment and split the marital assets the way Appellee requested.

On March 19, 2021, Appellant filed a motion to set aside the default judgment. Appellant argued that he did not receive the summons, did not receive

the motion for default judgment, and did not receive the order granting the motion. Counsel for Appellant claimed that he discovered the dissolution action and default judgment by accident while reviewing CourtNet.

On April 21, 2021, the trial court held a hearing on the motion to set aside the default judgment. The court heard arguments from counsel, but neither party called any witnesses. In addition, Appellant provided no affidavit regarding his allegation that he was not served the summons and provided no evidence that the marital asset distribution was inequitable. At the conclusion of the hearing, the trial court entered an order denying the motion to set aside. This appeal followed.

## ANALYSIS

> Although default judgments are not favored, a trial court is vested with broad discretion when considering motions to set them aside, and an appellate court will not overturn the trial court's decision absent a showing that the trial court abused its discretion. A party seeking to have a default judgment set aside must show good cause; *i.e.*, the moving party must show "(1) a valid excuse for the default; (2) a meritorious defense to the claim; and (3) absence of prejudice to the non-defaulting party."

*PNC Bank, N.A. v. Citizens Bank of N. Kentucky, Inc.*, 139 S.W.3d 527, 530-31 (Ky. App. 2003) (footnotes and citations omitted). "All three elements must be present to set aside a default judgment." *S.R. Blanton Development, Inc. v. Inv'rs Realty and Management Co., Inc.*, 819 S.W.2d 727, 729 (Ky. App. 1991).

We believe the trial court did not err when it denied Appellant's motion to set aside the default judgment. The trial court considered the above factors on the record and stated that Appellant failed to meet them. We agree.

Appellant argues that he was not served with the dissolution summons; however, he filed no affidavit disputing the sheriff's deputy's proof of service and there was no request for him to testify at the hearing. Evidence must "be clear and convincing in order to overcome the record of a properly served summons." *Nicholson v. Thomas*, 277 Ky. 760, 127 S.W.2d 155, 156 (1939). Without providing some evidence, the trial court had no choice but to believe the proof of service. In addition, Appellant provided no evidence that the marital property division was inequitable. He provided no financial documents, affidavits, or testimony to support a conclusion that he should be entitled to additional marital property. Finally, Appellee was tasked with selling the marital real property and, at the time of the hearing, was engaged in doing so. The trial court felt that vacating the default judgment would prejudice Appellee by disrupting her ongoing efforts to sell the real property.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the Todd Circuit Court. Appellant provided no evidence to support his arguments that he did not

receive the civil summons and that the division of marital property was inequitable.

The default judgment was proper and we affirm.

THOMPSON, K., JUDGE, CONCURS.

TAYLOR, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEFS FOR APPELLANT:

Travis B. Lock
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Jason Kelly Petrie
Elkton, Kentucky