**Carl G. STRANEY, Appellant,**

v.

**Shirley A. STRANEY, Appellee.**

Court of Appeals of Kentucky.

May 26, 1972.

Robert C. Carter, Louisville, for appellant.

James R. Watts, Brandenberg, Zirkle, Raine, Francis & Highfield, Louisville, for appellee.

STEINFELD, Chief Justice.

Appellant Carl G. Straney and appellee Shirley A. Straney were married in 1955. Four children were born of this marriage, now ranging in age from 7 years to 14 years. In July 1969 Carl suffered a paralytic stroke and later brain damage from a cardiac arrest which destroyed his ability to read, write, count change or engage in gainful employment. Previous to this experience he had successfully operated an automobile service station.

On April 20, 1971, Shirley sued for an absolute divorce. She demanded that she be awarded their residence, its contents, and custody of the children. At that time Social Security benefits were being paid because of Carl's disability and she demanded that the payments for the children go to her for their maintenance. Carl contested her right to a divorce, counter-claimed for a divorce and demanded restoration of property including some insurance policies. He did not resist her claim to the children or the Social Security benefits allocated for them.

The circuit court granted a divorce to the wife, awarded her custody of the children, directed that the Social Security benefits be paid to her for the benefit of the infant children, and awarded her the residence in which the parties had lived and the furniture therein. Carl was adjudged the owner of the health and life insurance policies, having little or no cash value; he was directed to pay the mortgage on the residence. It is from this judgment that Carl appeals. We affirm in part and reverse in part.

Carl contends that the divorce judgment is void because Shirley had been appointed as his committee in a county court proceeding " * * * without benefit of a lunacy inquest," and no guardian ad litem was appointed for him in the divorce proceedings. CR 17.03(1) provides in part "Actions involving * * * persons of unsound mind shall be defended by the party's * * * committee. If there is no * * * committee or he * * * is a plaintiff, the court * * * shall appoint a guardian ad litem to defend

* * * ." Subparagraph (3) provides in part "No judgment shall be rendered against * * * (a) person of unsound mind until the party's * * * guardian ad litem shall have made defense or filed a report stating that after careful examination of the case he is unable to make defense." The words "unsound mind" as used in CR 17.03 are technical words which mean a person who has been so *adjudicated*. Cf. Howard v. Howard, 87 Ky. 616, 9 S.W. 411, 10 Ky.Law Rep. 478, 1 L. R.A. 610 (1888). See Comment under Rule 4.04(3) in 6 Clay Kentucky Practice, p. 35. The source of CR 17.03 was F.R. Civ.P. 17(c). In discussing that rule in Zaro v. Strauss, 167 F.2d 218 (5th Cir. 1948), the court stated "Whether or not rule 17(c) applied depends entirely upon whether or not Mrs. Strauss had been found insane * * * ." Carl was never adjudged a person of unsound mind, therefore, CR 17.03 did not apply. The claim made by Carl that the judgment of divorce was void is without merit.[1]

In her complaint Shirley demanded that the house and lot in which she and the children were living be awarded to her. It was. Carl complains that it was grossly unjust and contrary to existing law and principles of justice for the lower court to have made this award. He argues that for a period of eleven years he was the only wage earner and that it was through his earnings and efforts that the equity in the residence was acquired. He relies on Colley v. Colley, Ky., 460 S.W.2d 821 (1971). The lot was given to Shirley by her father and mother. That was correctly restored to her. KRS 403.065. Colley v. Colley, supra. She testified that she had been paying on the mortgage during the last few years but that Carl had made the payments until he became disabled.

The proof showed that the house and lot, which was owned jointly and in survivorship, was assessed for tax purposes at a value of $14,000. $2,000 was borrowed by Shirley from her aunt and $1,000 was borrowed by her from her mother, which money she said was used along with $11,000 borrowed from a building and loan association for the construction of the house. At the time of the divorce the mortgage balance to the association was approximately $4,000, which Carl was directed to pay, but Shirley was obligated to pay the other $3,000 owed by her to her mother and aunt.

Unfortunately for us, the chancellor made no findings of fact as directed by CR 52.01. The record indicates that it was not error to allow Shirley and the children to occupy the residence but not beyond the time when the youngest child reaches the age of majority. We observe no fault in requiring Carl to make the future mortgage installment payments. However, it appears that the residence, exclusive of the land on which it is located, was acquired by team efforts. The interest of Carl in the *improvements* must be determined, taking into consideration the money borrowed by Shirley from her family which she must repay, the payments on the mortgage made and to be made by Carl and the payments made by Shirley. Colley v. Colley, supra. It seems appropriate to suggest that since Carl's obligation is with respect to future payments, the judgment should protect Shirley against a default.

In this case we have not only that which we find in the majority of them—insufficient property and insufficient income to provide for the parties and their children —but a party tragically afflicted. The chancellor was confronted by an insoluble problem. Others may have handled it differently, however, we find no error except as indicated.

The judgment is affirmed in part and reversed in part for further proceedings consistent herewith.

All concur.

---

1. The validity of the committee appointment is not an issue before us.