**Junior Carter GIBSON, Appellant,**

v.

**Janice F. GIBSON, Appellee.**

Court of Appeals of Kentucky.

April 4, 1980.

Charles R. Coy, Richmond, for appellant.

Robert L. Russell, Richmond, for appellee.

Before GANT, HOWERTON and VANCE, JJ.

VANCE, Judge.

This appeal is from that portion of a judgment dissolving the marriage of the parties which provided that the appellee should be permitted to occupy their residence until the youngest child reached the age of 18 years, at which time it should be sold and the proceeds divided. The appellant was required to pay mortgage installments of $256.00 per month plus insurance and taxes during the occupancy by appellee.

KRS 403.190 provides that the trial judge shall consider the desirability of awarding the family home or the right to live therein to the spouse having custody of children. The courts have approved such awards including the requirement that the husband pay the taxes and mortgage payments during the occupancy by the wife. *Straney v. Straney*, Ky., 481 S.W.2d 292 (1972).

It is inescapable, however, that continued mortgage payments after the entry of the decree will to some extent increase the equity in the house and, as the appellant contends, an equal division of the proceeds of the sale at some future date will allow

appellee to receive one-half of the increase in the equity which will accrue because of such debt reduction. In this case the youngest child is eight years old and appellant must make the mortgage payments of $256.00 per month for ten years. No doubt the equity in the home will be increased by debt reduction hundreds or even thousands of dollars during the ten-year period and appellee will have made no contribution to this increase. She should not be entitled to share the benefits of the increase in equity brought about by the reduction of the principal amount of the indebtedness [1] although she should be entitled to share in any increase in value brought about by inflation or other market conditions.

The cost of paying taxes, providing insurance and payment of interest on the loan can properly be imposed upon appellant as a part of his responsibility to provide a home for his children, but to the extent that his mortgage payments reduce the principal of the indebtedness he is entitled to reimbursement. The judgment should be amended to provide that from the proceeds of the sale of the house the balance, if any, of the mortgage debt plus the costs of sale shall be paid. The appellant shall then be reimbursed for any amount that the mortgage payments made by him since the entry of the decree have reduced the principal balance of the indebtedness and the remaining proceeds shall be equally divided between the parties.

The judgment is reversed for the entry of a new judgment in conformity with this opinion.

All concur.

1. It is evident in this case that the increased equity which the wife would receive under the judgment was not given to her in an attempt to balance an otherwise unjust division of marital property.