**Anna F. Townsend GOFF and Thomas C. Goff, Appellants,**

v.

**Eliza Goff Pence WALKER By and Through her guardian, Mary E. Goff FIELD, Linda Ratliff and Robert Ratliff, Appellees.**

**No. 90–SC–141–DG.**

Supreme Court of Kentucky.

Feb. 14, 1991.

Rehearing Denied July 3, 1991.

Henry L. Rosenthal, Jr., William A. Dykeman, Winchester, Ky., for appellants.

Beverly Ann Shea, White, McCann & Stewart, Roy Fugitt, Winchester, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which found Anna and Thomas Goff liable for a breach of fiduciary duty.

The principal legal issue is whether, in the absence of an adjudication that Thomas Goff was incompetent, the trial judge was under a duty to take steps to protect the interest of Thomas Goff.

In 1981, 83–year–old Eliza Goff Pence Walker appointed Thomas Goff as her attorney-in-fact. In 1986, this action was initiated by Eliza Goff Pence, by and through her guardian alleging that Thomas Goff was no longer competent to manage Eliza's affairs. In an amended complaint it was claimed that certain property was misappropriated by both Anna and Thomas Goff. A jury trial followed during which only Anna Goff was present and represented by counsel. The jury found Thomas Goff responsible for several fraudulent transfers. Anna Goff was found to be jointly and severally liable. The Goffs were ordered to return a substantial amount of real and personal property and to pay $125,000 in punitive damages. The Court of Appeals affirmed the decision of the trial court and this appeal followed.

Although Thomas Goff was originally represented by counsel, his counsel was permitted to withdraw prior to trial. Thomas Goff did not appear at trial and did not present a defense, but his wife was represented by counsel at trial. When Thomas Goff failed to appear for depositions, the trial judge ordered him to appear for future depositions or to file any proof that he is unable to give depositions due to physical or mental disability. The Goffs produced statements from two physicians that Thomas Goff was not competent to participate in court proceedings. No further depositions were scheduled. The case proceeded to trial. More than six months after the trial, on March 31, 1989, Thomas Goff was declared incompetent by the Clark District Court.

Anna and Thomas Goff claimed on appeal that the trial judge was under a legal duty to take appropriate action to protect Thomas Goff's interests after having been put on notice that Goff was possibly incompetent. The Goffs do not specify what particular legal procedure the trial judge should have followed, but they argue the trial judge was duty-bound to protect Goff when his incapacity became apparent.

Civil Rule 17.03 requires that a trial court appoint a guardian ad litem to defend a defendant of unsound mind if the defendant's guardian or committee is unwilling or unable to act. *Straney v. Straney,* Ky., 481 S.W.2d 292 (1972) holds that the words "unsound mind" as used in CR 17.03 are *technical words which mean a person who* has been so *adjudicated.* The Court of Appeals held that while it may have been obvious that Thomas Goff was incompetent to aid in his defense, CR 17.03 did not apply. The fact that Goff was adjudicated incompetent six months after trial was considered to be of no consequence. The Court of Appeals interpretation of CR 17.-03 in *Straney, supra,* is clear and correct.

The initiation of incompetency proceedings in the district court is pursuant to K.R.S. 387.500. Detailed standards and procedures are enumerated in the statute to protect the individual to be adjudicated. The letters from the two physicians fall far short of the legal adjudication of incompetency required by a jury pursuant to statute. The potential for abuse in declaring someone incompetent in any manner short of the statutory requirements is obvious. In this case, the appellees argue that the failure to begin incompetency proceedings until after trial was a trial strategy on the part of the Goffs in order to provide a basis for an appeal.

A trial court in a criminal case has a duty to conduct a competency hearing upon reasonable belief that a criminal defendant is incompetent to stand trial. RCr 8.06. Such an inquiry is prior to trial. There is no comparable civil rule.

If there is a need to adopt a competency determination by the trial judge prior to any trial, it should be addressed by a new civil rule outlining the procedure and the safeguards for all parties in detail.

On appeal, another issue the Goffs raise is that the instructions given at trial were drafted in an improper manner. A review of the record indicates that this error, if any, was not properly preserved for appellate review.

It is the holding of this Court that the trial judge in a civil case, in the absence of a legal adjudication of incompetency, has no duty to take steps on his own to protect the interests of any defendant other than as provided in existing CR 17.03. A party to the litigation believing he or she is adversely affected by the apparent but unadjudicated incompetence of another party should seek relief as the rules provide when a witness is absent or unavailable.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

All concur except REYNOLDS, J., who did not sit.