**S.R. BLANTON DEVELOPMENT, INC.; Hartland Planned Community, a General Partnership; and Steve R. Blanton, Individually, Appellants,**

v.

**INVESTORS REALTY AND MANAGEMENT CO., INC., Appellees.**

No. 90–CA–2542–S.

Court of Appeals of Kentucky.

Dec. 13, 1991.

Joseph B. Murphy, Murphy & Enlow, Lexington; Whayne C. Priest, Jr., English, Lucas, Priest & Owsley; and Robert D. Simmons, Bowling Green, for appellants.

Karl N. Crandall, Bowling Green, for appellee.

Before HOWERTON, STUMBO and WILHOIT, JJ.

HOWERTON, Judge.

S.R. Blanton Development, Inc. (SRBD), Hartland Planned Community (HPC), a partnership, and Steve R. Blanton (Blanton) (collectively, the appellants) appeal from an order of the Warren Circuit Court denying their motion to set aside and vacate a default judgment. They argue that the default judgment was void in whole or in part, that it was contrary to their meritorious defenses, and that it was contrary to fundamental fairness. While we would be inclined to affirm the trial court's order, since the moving party must not only show a meritorious defense but also a valid excuse for default and an absence of prejudice to the nondefaulting party, we nevertheless conclude that the original default judgment went too far by making the corporation and the partnership jointly and severally liable for debts which could only be the responsibility of each, or each with Blanton. We therefore affirm in part, but reverse in part and remand for correction of the default judgment consistent with this opinion.

A complaint was filed against the appellants for failure to pay real estate commissions on four lots. Blanton is president of SRBD and a partner in HPC. The listing contracts gave Investment Realty and Management Co., Inc. (IRM) the exclusive right to list for sale four lots in Hartland Subdivision for 180 days beginning July 31, 1989, and as extended for another 180 days until July 26, 1990. The contracts provided for a broker's fee of five percent of the total sale price, if the property was sold by the owner before the expiration of the contract or within 60 days of expiration, provided the purchaser was someone who had been shown the property by the owner or IRM during the listing period. All contracts were signed by Steve R. Blanton as owner without indicating in writing that he was acting as an agent for anyone. Lot 41 was in fact owned by SRBD, whereas the remaining three lots were owned by HPC. We do not know whether Blanton ever disclosed to IRM that he was acting as an agent for SRBD or HPC.

IRM asserted in its complaint that the properties were sold during the listing period by the appellants and that it was entitled to the commission. The complaint was filed August 9, 1990, and IRM alleged in part that:

6. Steve R. Blanton at all times mentioned herein was an authorized employee and/or agent, and/or officer and/or director and/or partner of the Defendants, S.R. Blanton Development, Inc., and Hartland Planned Community, and

had such authority to and did execute the listing contracts and extension agreements hereinafter referred to in the Complaint on behalf of said corporation and partnership.

7. That Steve R. Blanton, individually, and/or as an authorized representative of S.R. Blanton Development, Inc., and Hartland Planned Community executed the contracts and extensions referred to in this Complaint and should be held jointly and severally liable with the Defendants S.R. Blanton Development, Inc., and Hartland Planned Community for all damages claimed herein.

Counsel for IRM recognized the "Catch 22" when he said at the hearing on the motion to set aside the default judgment that Blanton argues that it is unfair to hold him liable because he did not own any of the four lots and it is unfair to hold either SRBD or HPC liable because they did not sign the listing agreements. Under this scenario, no one is liable to IRM. Had the case gone to trial, we would not speculate as to who, if anyone, would be held liable to IRM, but here we are dealing with a default judgment on a claim which requested joint and several liability. Further, we need not make any determination as to whether Blanton was acting as an agent or authorized officer for the corporation or partnership or whether this was verbally disclosed, which might then relieve him of any personal liability. Someone certainly should be ultimately responsible for the commissions, and we see no reason to set aside the default judgment except to the extent that it was clearly erroneous.

The record indicates that summonses were served on Steve Blanton for the three appellants by Deputy Sheriff Sarah Jones on August 13, 1990. Although Blanton asserts that he did not receive the summonses, and this is one of his reasons for not timely responding to the complaint, proof of service is in the record. Evidence must be "clear and convincing in order to overcome the record of a properly served summons." *Nicholson v. Thomas,* 277 Ky. 760, 763, 127 S.W.2d 155 (1939). Also, to the extent that it was mentioned that Blanton gave the complaint to an attorney who failed to file a response, we note that "[c]arelessness by a party or his attorney is not reason enough to set an entry aside." 7 W. Bertelsman and K. Philipps, *Kentucky Practice,* CR 55.02, Comment 2 (4th ed. 1984) [hereinafter *"Ky. Prac.";* *Howard v. Fountain,* Ky.App., 749 S.W.2d 690, 692 (1988). The trial court correctly determined that the appellants had not satisfactorily explained their failure to respond to the complaint within the 20–day period. CR 4.02.

The motion for default judgment was filed by IRM on September 11, and the order granting the judgment was entered September 12. The judgment gave IRM $31,600 plus prejudgment interest, in addition to cost and reasonable attorney fees. The judgment provided that the appellants were jointly and severally liable for the judgment. On September 21, 1990, the appellants filed their motion to set aside and vacate. A hearing was held, and the order denying the motion was entered on October 15, 1990.

■ CR 55.02 states that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." The moving party must show: "(1) a valid excuse for default, (2) a meritorious defense to the claim, and (3) absence of prejudice to the nondefaulting party." 7 *Ky.Prac.,* CR 55.02, Comment 2. All three elements must be present to set aside a default judgment.

■ While several defenses might have been made, such as ownership of the property, who signed the contracts, and receipt of the summonses, it would also be necessary to show a valid excuse for the default and an absence of prejudice to the nondefaulting party. We agree with the trial court's determination that the appellants had not satisfactorily explained their failure to respond to the complaint within the 20–day period. We also agree with the trial court that the idea of fairness must be viewed from both sides. IRM argues that if this judgment were set aside, the additional costs it had incurred in defending foreclosure actions as a result of its judg-

ment lien would be "money down the drain."

While default judgments are not favored, the trial court is vested with broad discretion in such matters, and its judgment will not be disturbed unless that discretion has been abused. *Howard, supra,* 749 S.W.2d at 692. Given the appellants' reason for not having answered the complaint, and the relative inequities and prejudice attendant with setting aside the default, we conclude that the trial court did not err in refusing to set aside the judgment.

We nevertheless conclude that the judgment must be corrected in part. SRBD owned Lot 41, and HPC owned the remaining three lots which were subject to the contract with IRM. Although we find no reversible error in making Blanton individually responsible for the commissions or SRBD responsible for the commission on Lot 41 and HPC responsible for the commissions on the remaining three lots, we do find error in making SRBD jointly and severally liable for commissions on the three lots owned by HPC and in making HPC jointly and severally responsible for the commission due on property owned by SRBD. Paragraphs 6 and 7 of the complaint made allegations which could make Blanton personally liable by acting in an individual capacity or SRBD and HPC liable by having Blanton act as a disclosed agent.

Blanton set this problem in motion, and if he failed to disclose the true owners or his authority to act for them, he may be personally liable. This was one theory alleged in the complaint. *See generally,* 3 Am. Jur.2D *Agency* § 325 (1986). Likewise, if Blanton was acting for SRBD and HPC with authority, or apparent authority, to enter the contract, SRBD and HPC may be liable. *Savannah Sugar Refinery v. RC Canada Dry,* Ky.App., 593 S.W.2d 880 (1979). For additional authority, *see also, Restatement (Second) of Agency* § 322 (1969); *Moore v. Spicer,* 249 Ky. 464, 61 S.W.2d 5 (1933); *Gaines v. Murphy,* Ky., 239 S.W.2d 453 (1951); and *Potter v. Chaney,* Ky., 290 S.W.2d 44 (1956).

Had this case gone to trial and judgment resulted in favor of IRM, it is not likely that liability would have been joint and several with all parties. Either Blanton would have been liable or SRBD and HPC would have been liable for commissions on their own property. However, we are considering a default judgment where either Blanton, or SRBD and HPC, might have been liable. We therefore have no problem affirming the joint and several liability of Blanton and SRBD for the commission on Lot 41, and the joint and several liability of Blanton and HPC as to the other three lots.

The order of the Warren Circuit Court is affirmed in part, reversed in part and remanded to correct the default judgment consistent with this opinion.

All concur.