**FIRST HORIZON HOME LOAN CORPORATION, Appellant,**

v.

**Roberta J. BARBANEL, Appellee.**

**and**

**Fifth Third Bank, Appellant,**

v.

**Roberta J. Barbanel, Appellee.**

Nos. 2008–CA–000083–MR, 2008–CA–000084–MR.

Court of Appeals of Kentucky.

July 2, 2009.

James M. McDonough, Louisville, KY, for appellant First Horizon Home Loan Corporation.

Philip Q. Ratliff, Cincinnati, OH, for Fifth Third Bank.

Roberta J. Barbanel, Pro se, Loveland, OH, for appellee.

Before ACREE and NICKELL, Judges; KNOPF,[1] Senior Judge.

## OPINION

ACREE, Judge.

First Horizon Home Loan Corporation (First Horizon) and Fifth Third Bank (Fifth Third) appeal from separate orders of the Jefferson Circuit Court denying their individual motions to set aside a default judgment in favor of Roberta Barbanel (Barbanel). We affirm.

Barbanel filed a lien foreclosure action on February 4, 2005, naming First Horizon and Fifth Third as parties to the action. Fifth Third was served with a summons and complaint on February 7, 2005, by certified mail, received and signed for by its registered agent for process, CSC–Lawyers Incorporating Service Company. Fifth Third failed to file an answer within twenty days of service as required by Kentucky Rules of Civil Procedure (CR) 12.01. On March 2, 2005, Barbanel filed a motion for default judgment which the trial court granted on March 22, 2005.

---

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute (KRS) 21.580.

On March 23, 2005, Fifth Third filed a motion seeking the trial court's leave to answer or otherwise file the motion out of time. Fifth Third acknowledged that its counsel misunderstood the date of service, miscalculated the dates, and believed there was additional time in which to prepare an answer. Fifth Third also claimed that it had been unaware of any pending motions, including the motion for default judgment. The trial court denied Fifth Third's motion.

To obtain service upon First Horizon, Barbanel complied with KRS 454.210 and forwarded a summons and complaint naming First Horizon to the Office of Secretary of State. The Secretary of State received the summons on Monday, February 7, 2005, and mailed appropriate copies, via certified mail, to First Horizon at the address Barbanel provided in her complaint.[2] First Horizon received the complaint on February 10, 2005, and forwarded it to its in-house counsel. The complaint was then mailed to Stewart Title Guaranty Company (Stewart Title)[3] and its in-house counsel, Larry Moscoe (Moscoe). Moscoe, believing an answer needed to be filed by March 3, 2005, requested and was granted an extension of time within which to answer until March 7, 2005; however, no answer was filed by that date.

On March 8, 2005, Barbanel filed a motion for default judgment against First Horizon. The trial court granted the motion on March 22, 2005. Thereafter, First Horizon filed a motion to set aside the default judgment and allow the filing of an answer, cross-claim and counter-claim, out of time. First Horizon argued Barbanel improperly served her complaint on the Secretary of State rather than its registered agent for process. Additionally, First Horizon argued that Moscoe resigned from Stewart Title before the March 7 deadline, resulting in the failure of the title company to file an answer. The trial court denied First Horizon's motion on May 9, 2005.

Fifth Third and First Horizon now appeal the trial court's finding that each failed to present an acceptable explanation for failing to answer Barbanel's complaint. Their appeals have been consolidated for our review.

A trial court has broad discretion when it comes to default judgments, and we will not disturb a default judgment unless the trial court abused that broad discretion. *S.R. Blanton Development, Inc. v. Investors Realty and Management Co., Inc.,* 819 S.W.2d 727, 730 (Ky.App. 1991). For a trial court to have abused its discretion, its decision must have been arbitrary, unreasonable, unfair or unsupported by sound legal principles. *Clark v. Commonwealth,* 223 S.W.3d 90, 95 (Ky. 2007).

According to CR 55.02, if a defaulting party demonstrates good cause, a trial court may set aside a default judgment providing said good cause meets the requirements set forth in CR 60.02.[4] To

2. The address, a post office box in Memphis, Tennessee, had been provided to Barbanel during the course of discovery in connection with a separate legal proceeding.

3. Stewart Title issued First Horizon's policy of title insurance on the mortgage.

4. CR 60.02 reads in its entirety:
On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied,

show good cause, and thereby justify vacating a default judgment, the defaulting party must: (1) provide the trial court with a valid excuse for the default; (2) demonstrate a meritorious defense; and (3) show the absence of prejudice to the non-defaulting party. *Perry v. Central Bank & Trust Co.*, 812 S.W.2d 166, 170 (Ky.App. 1991), *citing* 7 W. Bertelsman and K. Philipps, *Kentucky Practice*, CR 55.02, comment 2 (4th ed.1984). "All three elements must be present to set aside a default judgment." *S.R. Blanton Development, Inc.* at 729.

■ Both Fifth Third and First Horizon insist they demonstrated good cause to justify setting aside the default judgment. To support this proposition, each merely reiterates the same arguments that it raised before the trial court detailed above. Both parties cite several cases under which this Court has found good cause to set aside a default judgment in contravention of the trial court's findings. *See Dressler v. Barlow*, 729 S.W.2d 464 (Ky.App. 1987); *Childress v. Childress*, 335 S.W.2d 351 (Ky.1960); *Green Seed Co. v. Harrison Tobacco Storage Warehouse, Inc.*, 663 S.W.2d 755 (Ky.App.1984). However, there are no compelling similarities between the facts of the cited cases and the facts before us now.

First Horizon's argument that Barbanel improperly served them with her complaint is without merit because, upon their own admission, they had actual notice at least 22 days before the motion for default was filed.

Both Appellants attempt to couch the carelessness in their handling of the complaint as good cause. Considering both the record in this case and the insufficiency of both Appellants' explanations, we cannot say that the trial court abused its discretion when it determined that Fifth Third and First Horizon failed to demonstrate good cause as required by CR 55.02.

■ Finally, First Horizon argues that the December 12, 2007 order disposing of this case and awarding Barbanel a specific percentage from the sale of the property subject to her judgment lien must be amended to clarify the priority of Barbanel's lien. The failure of Fifth Third and First Horizon to answer Barbanel's complaint and the subsequent default judgments entered against them give Barbanel's lien priority over the mortgage liens of both Appellants. There is no inconsistency in the trial court's May 9, 2005, and December 12, 2007 orders, and no reason to remand this issue for further clarification.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.