Herbert H. SMITH, Appellant

v.

W. Timothy FLYNN II,[1] Appellee.

No. 2011–CA–002101–MR.

Court of Appeals of Kentucky.

Nov. 9, 2012.

Discretionary Review Denied by Supreme Court Feb. 18, 2013.

---

1. Although the Notice of Appeal shows the name of the appellee as "Timotny W. Finn," we have used the correct form of his name as indicated in the original pleadings of the lower court.

Joel R. Smith, Jamestown, KY, for appellant.

Donald H. Byrom, Jamestown, KY, for appellee.

Before COMBS, KELLER, and LAMBERT, Judges.

*OPINION*

COMBS, Judge:

Herbert Smith appeals from an order of the Russell Circuit Court that denied his motion to vacate a default judgment. Upon our review, we affirm.

In 2008, Smith cut down trees and removed a fence that separated his property from that of Timothy Finn. Finn contacted Smith, and they discussed damages. The record indicates that Smith and his daughter, Linda Wilson, both agreed to replace the fence and to reimburse Finn for the trees. However, neither Smith nor Wilson followed through with the agreement.

Finn filed a complaint on August 11, 2010. He sought reimbursement, including statutorily allowed treble damages for the value of the trees. *See* Kentucky Revised Statute[s] (KRS) 364.130. Smith did not file an answer to the complaint. On September 27, 2010, Finn filed a motion for default judgment. The court granted the motion on September 29, 2010. Finn filed a judgment lien in April 2011. When Finn sought to have the lien executed, Smith filed a motion to have the default judgment vacated pursuant to Kentucky Rule[s] of Civil Procedure (CR) 60.02. The court denied the motion on September 29, 2011. Smith filed a motion to reconsider, which the court denied on November 17, 2011. This appeal follows.

Whether a CR 60.02 motion should be granted is left to the sound discretion of the trial court. Because the law favors finality, relief should only be granted "with extreme caution and only under the most unusual and compelling circumstances." *Age v. Age,* 340 S.W.3d 88, 94 (Ky.App.2011). We, therefore, review for whether the trial court abused its discretion. *Id.*

■ It is axiomatic that default judgments are not favored in the law. *Dressler v. Barlow,* 729 S.W.2d 464, 465 (Ky.App. 1987). They are to be scrutinized carefully pursuant to three criteria: 1) valid excuse for default, 2) meritorious defense, and 3) the absence of prejudice to the other party. *Perry v. Central Bank & Trust Co.,* 812 S.W.2d 166, 170 (Ky.App.1991).

■ As a valid excuse for default, Smith alleges that he was diagnosed with Alzheimer's disease and dementia in 2010 and that he was incompetent for purposes of service of process. However, Smith admits that he has never been adjudicated incompetent by a court.

CR 17.03(2) provides that:

> [a]ctions involving ... persons of unsound mind shall be defended by the party's guardian or committee. If there is no guardian or committee or he is unable or unwilling to act or is a plaintiff, the court ... shall appoint a guardian ad litem to defend unless one has been previously appointed under Rule 4.04(3) or the warning order attorney has become such guardian under Rule 4.07(3).

The Supreme Court has analyzed CR 17.03(2) in a context similar to the one before us. In *Goff v. Walker,* 809 S.W.2d 698 (Ky.1991), Goff failed to appear for depositions or trial. The trial court ordered him to file proof of physical or mental disability. He filed statements from two physicians declaring that he was incompetent to participate in the litigation. The case proceeded to trial, and Goff was found liable. Six months after the trial, Goff was adjudicated to be incompetent. On appeal, Goff argued that the court should have protected him.

The Supreme Court provided the following analysis:

Civil Rule 17.03 requires that a trial court appoint a guardian ad litem to defend a defendant of unsound mind if the defendant's guardian or committee is unwilling or unable to act. *Straney v. Straney,* [481 S.W.2d 292 (Ky.1972)] holds that the words "unsound mind" as used in CR 17.03 are technical words which mean a person who has been so *adjudicated.* The Court of Appeals held that while it may have been obvious that Thomas Goff was incompetent to aid in his defense, CR 17.03 did not apply. The fact that Goff was adjudicated incompetent six months after trial was considered to be of no consequence. The Court of Appeals interpretation of CR 17.03 in *Straney, supra,* is clear and correct.

The initiation of incompetency proceedings in the district court is pursuant to [Kentucky Revised Statute[s] (KRS)] 387.500. Detailed standards and procedures are enumerated in the statute to protect the individual to be adjudicated. The letters from the two physicians fall far short of the legal adjudication of incompetency required by a jury pursuant to statute. The potential for abuse in declaring someone incompetent in any manner short of the statutory requirements is obvious. In this case, the appellees argue that the failure to begin incompetency proceedings until after trial was a trial strategy on the part of the Goffs in order to provide a basis for an appeal.

A trial court in a criminal case has a duty to conduct a competency hearing upon reasonable belief that a criminal defendant is incompetent to stand trial. RCr 8.06. Such an inquiry is prior to trial. There is no comparable civil rule. ... It is the holding of this Court that the trial judge in a civil case, in the absence of a legal adjudication of incompetency, has no duty to take steps on his

own to protect the interests of any defendant other than as provided in existing CR 17.03.

*Id.* at 699. (Emphasis in original).

Smith admits that he has never been adjudicated incompetent. There is no dispute that he was actually served with notice of the lawsuit. His daughter submitted an affidavit in which she averred that she has designated people who live close to Smith to look after his affairs. As his power of attorney, his daughter could have initiated proceedings to have Smith declared incompetent. Thus, as a matter of law, his alleged incompetence is not a valid excuse for failure to respond to the complaint in this case.

With respect to the second *Perry* criterion, Smith has not presented a meritorious defense. In fact, the record shows that Smith conceded liability for the loss of Flynn's fence and trees in 2008—two years prior to his diagnosis of dementia and Alzheimer's. Additionally, Smith has not offered any reason or excuse for cutting down the trees and the fence.

The third of the *Perry* criteria entails the prejudicial impact on the other party. If the default judgment were reversed, Flynn would suffer the loss of his legal expenses in addition to the expense of replacing his fence and the destruction of his trees.

All three factors for *not* setting aside the default judgment were satisfied. Therefore, we cannot conclude that the court erred.

Smith also argues that the court should have conducted an evidentiary hearing. However, he does not support this argument with any legal authority. Furthermore, based upon the lack of any substantive defense for his actions in 2008, we conclude that a hearing was unnecessary.

We affirm the judgment of the Russell Circuit Court.

ALL CONCUR.