RENDERED: APRIL 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0123-MR

AMNEH KHATIB AND THE UNITED
GROUP, INC., DBA AUTO PLAZA         APPELLANTS
USA

v.         APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE ERNESTO M. SCORSONE, JUDGE
ACTION NO. 19-CI-02652

AUTOTRAKK, LLC[1]         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; DIXON AND MAZE, JUDGES.

DIXON, JUDGE: Amneh Khatib and The United Group, Inc., dba Auto Plaza

USA ("Auto Plaza") appeal from the order denying their motion to set aside

default judgment and quash garnishment entered by the Fayette Circuit Court on

December 16, 2019.

---

[1] This is the spelling used in the notice of appeal.

**FACTS AND PROCEDURAL BACKGROUND**

On April 27, 2017, Auto Plaza and Auto Trakk, LLC, ("Auto Trakk")[2] entered into a dealer agreement ("Agreement") in which Auto Trakk was to lease automobiles to Auto Plaza as the dealer. The Agreement was signed by Auto Trakk's CEO and Auto Plaza's President, Khatib. The Agreement listed 2000 Vince Road, Nicholasville, Kentucky, as Auto Plaza's address. On the same date, Khatib entered into a personal and continuing guarantee ("Guarantee") to accompany the Agreement, wherein Khatib's address was listed as 2120 Shelton Road, Lexington, Kentucky.

On December 23, 2017, Auto Plaza leased one of the automobiles provided to it under the Agreement to Jeffrey and Taryn Hill. However, the Hills defaulted on their lease prior to their fourth payment. Under section nine of the Agreement, this triggered an obligation for Auto Plaza to repurchase the lease and related vehicle. Section nine of the Agreement also provided:

> Auto Trakk shall not be obligated to first repossess the Vehicle or otherwise exhaust its recourse against a Lessee. Dealer's obligation to repurchase, and the Repurchase Price will not be affected by: (i) inability of Auto Trakk or Dealer to obtain possession of the Vehicle or the physical condition of the Vehicle; or (ii) inability of Auto Trakk or Dealer to collect amounts due under the Lease, including without limitation, by virtue of a

---

[2] This is the spelling used in the Agreement. Although, the spelling of Auto Trakk's name varies throughout the Pennsylvania and Kentucky proceedings, we chose to use this spelling in our Opinion.

bankruptcy involving a Lessee.  This Section shall survive the execution, delivery, expiration or termination of this Agreement.

The Agreement also contained a choice of laws and forum selection clause in Sections 28 and 31, respectively.  Section 28 states the Agreement "shall be governed by the Laws of the State of Pennsylvania[.]"  Section 31 provides "any dispute arising under or related to this Agreement shall be adjudicated in the State of Pennsylvania.  Dealer consents to personal jurisdiction in the State of Pennsylvania for any such dispute."

On January 25, 2018, Auto Trakk made a demand for repurchase.  Neither Auto Plaza nor Khatib repurchased the lease or the vehicle.  Consequently, on July 23, 2018, Auto Trakk sued Auto Plaza and Khatib in the Court of Common Pleas of Lycoming County, Pennsylvania, for breach of contract under the Agreement.  The complaint claimed that as of May 7, 2018, the amount Auto Plaza and Khatib owed Auto Trakk was $12,201.07, plus costs, attorney's fees and expenses.

Auto Trakk attempted service by registered mail on Auto Plaza and Khatib at the addresses listed on the Agreement and Guarantee without success.  As a result, Auto Trakk moved the Pennsylvania court for alternative service as permitted by Pa.R.C.P.[3] 430.  Its motion was granted by order dated December 19,

---

[3] Pennsylvania Rules of Civil Procedure.

2018, authorizing service on Auto Plaza and Khatib via certified mail, no signature required, and first-class mail, postage prepaid "with said service being valid and complete upon such mailing in accordance with Pa.R.C.P. 430."

On January 8, 2019, Auto Trakk served copies of its complaint to Auto Plaza and Khatib via certified mail, no signature required. The certified mail receipt for Khatib indicated delivery on January 10, 2019, with "Notice Left (No Authorized Recipient Available)[.]" The certified mail receipt for Auto Plaza indicated delivery on January 10, 2019, stating, "Your item was delivered to an individual at the address[.]" On January 9, 2019, Auto Trakk served copies of its complaint upon Auto Plaza and Khatib via first-class mail. Proof of service was filed with the court on January 24, 2019. Auto Trakk sent notices of default to Auto Plaza and Khatib on January 30, 2019. Default judgment was entered by the Pennsylvania court on February 22, 2019, for $12,201.07, plus attorneys' fees and costs.

On July 22, 2019, Auto Trakk filed its notice and affidavit of foreign judgment registration with the Fayette Circuit Court in Kentucky to domesticate the February 22, 2019, Pennsylvania default judgment.[4] On September 16, 2019, Auto Trakk gave notice of its intent to depose Khatib via subpoena. On September

---

[4] Due to a typographical error, Auto Plaza was not initially served in this action—the street address was listed as 200 Vince Road rather than 2000 Vince Road.

24, 2019, Khatib was successfully personally served with the subpoena to give deposition by a deputy constable at the home address listed on the Guarantee—the same address to which mail was sent throughout both the Pennsylvania and Kentucky actions. On October 16, 2019, Auto Trakk filed an affidavit for writ of non-wage garnishment.

On November 5, 2019, Auto Plaza and Khatib finally entered an appearance though their motion to set aside default judgment and quash garnishment. They claimed the Pennsylvania default judgment was entered without providing them notice and is, therefore, void. Khatib filed an affidavit contemporaneous with the motion, claiming "[n]either Auto Plaza nor I were ever served with any papers" in the Pennsylvania action. Khatib further swore:

> I first learned of the existence of the Pennsylvania Action when the Plaintiff filed this action seeking to enforce a Default Judgment entered in the Pennsylvania Action, a default Judgment which entered judgment by default against Auto Plaza and myself on a Complaint I had never seen, no one at Auto Plaza had ever seen, and which was never served upon Auto Plaza nor myself.

The substance of the motion to set aside the default judgment was:

> Here, the excuse for the default is simple: Neither Ms. Khatib nor Auto Plaza received notice of the default, nor of the Motion for Default Judgment in the Pennsylvania Action. The meritorious defense is that neither Ms. Khatib nor Auto Plaza have defaulted under the Agreement attached to the Complaint in the Pennsylvania Action, and there is no prejudice to the Plaintiff: This is a simple collection case, which was not served properly

-5-

on the Defendants, and no prejudice will result from
giving the Defendants their day in Court.

After the matter was fully briefed and arguments heard, the trial court entered its order denying Auto Plaza's and Khatib's motion. This appeal followed.

**STANDARD OF REVIEW**

Kentucky Rules of Civil Procedure (CR) 55.02 states that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." Whether a CR 60.02 motion should be granted is left to the sound discretion of the trial court. Because the law favors finality, relief should only be granted "with extreme caution and only under the most unusual and compelling circumstances." *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011). We, therefore, review for whether the trial court abused its discretion. *Id.* "The test for abuse of discretion is whether the trial [court's] decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). Further, "[i]t is axiomatic that default judgments are not favored in the law. They are to be scrutinized carefully pursuant to three criteria: 1) valid excuse for default, 2) meritorious defense, and 3) the absence of prejudice to the other party." *Smith v. Flynn*, 390 S.W.3d 157, 159 (Ky. App. 2012) (citations omitted).

## ANALYSIS

Kentucky Revised Statutes (KRS) 426.955 allows a foreign judgment filed within a Kentucky court to have "the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of this state and may be enforced or satisfied in like manner." On appeal, Auto Plaza and Khatib argue the Pennsylvania judgment should be set aside as void or voidable under CR 60.02 "due to a complete lack of actual service." However, contrary to their argument, "actual notice of the lawsuit is not required to effectuate service as long as it is done in compliance with the applicable statute." *HP Hotel Mgmt., Inc. v. Layne*, 536 S.W.3d 208, 214 (Ky. App. 2017) (citing *Cox v. Rueff Lighting Co.*, 589 S.W.2d 606, 607 (Ky. App. 1979)). It is important to note, nevertheless, that a showing of no actual notice may constitute good cause sufficient to warrant setting aside a default judgment. It is imperative that "[t]he facts and circumstances of each individual case should be weighed" in making such a determination. *Id.* at 215 (citation omitted).

It is well-established:

> According to CR 55.02, if a defaulting party
> demonstrates good cause, a trial court may set aside a
> default judgment providing said good cause meets the
> requirements set forth in CR 60.02. To show good cause,
> and thereby justify vacating a default judgment, the
> defaulting party must: (1) provide the trial court with a
> valid excuse for the default; (2) demonstrate a
> meritorious defense; and (3) show the absence of

-7-

> prejudice to the non-defaulting party. "All three elements must be present to set aside a default judgment."

*First Horizon Home Loan Corp. v. Barbanel*, 290 S.W.3d 686, 688-89 (Ky. App. 2009) (footnotes and citations omitted). To succeed in a motion to set aside a judgment, Appellants are required to show good cause, as well as a valid excuse, a meritorious defense, and the absence of prejudice to the nonmoving party.

Herein, Appellants claim there is no evidence in the record that they were actually served with the complaint in the Pennsylvania action. This is simply not borne out by the record. First and foremost, "[t]here is always a presumption that a communication that was properly stamped, addressed and deposited in the mail was received by the addressee. Once the fact of address, stamp and deposit is proven, the burden shifts to the addressee to prove that he has never received the letter." *Haven Point Enters., Inc. v. United Kentucky Bank, Inc.*, 690 S.W.2d 393, 395 (Ky. 1985) (citation omitted). Secondly, Khatib's self-serving affidavit is undercut by the proof of service to an individual at Auto Plaza on January 10, 2019. Last, but not least, Khatib was later personally served in the Kentucky action at the same address to which the mail was addressed in the Pennsylvania action.

Undaunted by the facts of the records, Appellants discuss Kentucky's rules of service. However, our courts have pointed out that our rules concerning

service are not the standard by which to measure foreign judgments. They must be measured by the laws of that state. Here, we must look at whether service was in compliance with Pennsylvania rules. *See Waddell v. Commonwealth*, 893 S.W.2d 376, 379 (Ky. App. 1995) ("To succeed in this collateral attack, Waddell must show that the judgment is void under Indiana law. Thus, his discussion regarding our CR 4.05-4.07 and the procedure outlined therein for a warning order are completely irrelevant.").

Appellants next attack Auto Trakk's compliance with Pennsylvania's rules concerning service. They claim this issue was preserved in their motion to set aside default judgment; however, no mention of the rules was made therein. Appellants have made no request for our review for palpable error, and we are not permitted to review an argument for the first time on appeal. We have said repeatedly,

> we will not allow appellants, under the guise of "developing" an argument raised in the trial court, to feed one can of worms to the trial judge and another to the appellate court.

*Grundy v. Commonwealth*, 25 S.W.3d 76, 84 (Ky. 2000) (internal quotation marks and footnote omitted). Even so, Auto Trakk filed proof of its compliance with the Pennsylvania court's order permitting alternative service pursuant to Pa.R.C.P. 430. Thus, we ascertain no error.

Because Appellants have failed to demonstrate good cause or a valid excuse why the Pennsylvania default judgment should be set aside, we need not address whether Auto Plaza and Khatib have a meritorious defense or whether setting aside the judgment would prejudice Auto Trakk. We do note, however, that Auto Plaza and Khatib have failed to demonstrate either. Auto Plaza and Khatib made only general denials of default, which do not equate to the meritorious defense contemplated in our case law. *Tennill v. Talai*, 277 S.W.3d 248, 250 (Ky. 2009) ("The subsequent motion to set aside the default attached a tendered answer with a general denial, but no meritorious defense. Under these circumstances, the trial court did not abuse its discretion in not setting aside the default.").

Appellants later alleged that "Auto Trakk has failed to return, or locate, the vehicle, after the alleged default." Yet, section nine of the parties' Agreement provides that Auto Trakk need not do either of these; thus, that attempt at pleading a defense fails as well. Auto Plaza and Khatib also failed to show how setting aside the judgement would not prejudice Auto Trakk. *S.R. Blanton Dev., Inc. v. Inv'rs Realty & Mgmt. Co., Inc.*, 819 S.W.2d 727, 729-30 (Ky. App. 1991) ("We also agree with the trial court that the idea of fairness must be viewed from both sides. [The nonmovant] argues that if this judgment were set aside, the additional costs it had incurred in defending foreclosure actions as a result of its judgment lien would be 'money down the drain.'"). Failure to put forth evidence

-10-

of a meritorious defense demonstrates the high likelihood of simply postponing the inevitable with unjustifiable increased fees, costs, and delay. As such, we cannot say the trial court erred or abused its discretion in denying Auto Plaza's and Khatib's motion to set aside default judgment and quash garnishment.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Fayette Circuit Court is AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANTS:

Andre F. Regard
Ivey L. Workman
Lexington, Kentucky

BRIEF FOR APPELLEE:

Amanda P. Thompson
Sarah E. Boggs
Lexington, Kentucky