RENDERED: MAY 20, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0389-MR

BENNCHE, INC.                                                                      APPELLANT

v.
APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN LYNN WILSON, JUDGE
ACTION NO. 18-CI-00560

SILVER CREEK TRANSPORT, LLC                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE: Bennche, Inc.[1] appeals from the orders of the

Henderson Circuit Court denying its motions to set aside the default judgment

entered in favor of Silver Creek Transport, LLC (Silver Creek). We affirm as

---

[1] We note that in the underlying litigation, the defendant named in the complaint was Bennche, LLC and the judgment entered was against Bennche, LLC. However, within its notice of appeal and its briefs, Bennche, Inc. was named as appellant. Regardless, we will treat these matters as an appeal of the judgment against Bennche, LLC.

Bennche has failed to provide a valid excuse for the default, demonstrate a meritorious defense, and show the absence of prejudice to Silver Creek.

Bennche is a limited liability company organized in Texas. Bennche was not registered with the Kentucky Secretary of State as a foreign entity doing business in Kentucky. Silver Creek is a Kentucky limited liability company which conducts business in Henderson County, Kentucky.

Bennche and Silver Creek entered an Independent Dealer and Service Agreement (the agreement) on May 26, 2016, wherein Silver Creek became a dealer of Bennche products. This agreement was drafted by Bennche, signed by Johnny Tai as President of Bennche, and sets forth 455 Airline Drive, Coppell, Texas, as the company's business address.

On September 28, 2018, Silver Creek filed a complaint in the Henderson Circuit Court against Bennche pursuant to Kentucky Revised Statutes (KRS) 365.800 to 365.840 which governs the repurchase of inventory from retailers by suppliers. This complaint concerned thirteen off-road vehicles which, it was alleged, Bennche had refused to repurchase from Silver Creek. Bennche's address was listed on the complaint as 455 Airline Drive, Coppell, Texas 75019, which was its registered address recorded with the Texas Secretary of State. It was also the same address given by Bennche on the agreement.

Because Bennche was outside the Commonwealth of Kentucky, it was served through the Kentucky Secretary of State pursuant to KRS 454.210, our long-arm statute. In keeping with the statute, the Secretary of State served Bennche with the summons and complaint by mailing the documents certified mail with return receipt requested to this same Coppell, Texas, address. On October 18, 2018, the envelope was stamped by the United States Postal Service with "Return to Sender, Unable to Forward, Return to Sender" and thereafter returned to the Kentucky Secretary of State which notified the Henderson Circuit Court Clerk by letter dated October 23, 2018. Pursuant to KRS 454.210, the summons was deemed to have been served upon the date of that memorandum.

On November 27, 2018, Silver Creek filed its motion for default judgment pursuant to Kentucky Rules of Civil Procedure (CR) 55.01. On December 4, 2018, the circuit court entered a default judgment as to liability against Bennche. On January 19, 2019, Silver Creek filed a verified motion for monetary default judgment claiming a total of $45,029.65 in damages. Judgment in that amount was entered on January 28, 2019.

On December 23, 2019, more than one year after the default judgment as to liability was entered, and almost eleven months after the monetary judgment was entered, Bennche filed a motion to set aside the default judgment which included an affidavit signed by Johnny Tai as Bennche's CEO.

In support of its motion, Bennche claimed that the complaint was not served "because it was forwarded to an incorrect address listed" and that it had "changed its address to 3101 West Miller Road, Garland Texas" in January 2017. Bennche further stated that its own failure to notify the Texas Secretary of State of its address change was "merely an oversight or due to excusable neglect but not out of the ordinary" given the "massive exercise" of moving its facilities and personnel to a new location which contributed to the oversight.

Bennche went on to argue Silver Creek had knowledge of its new address because certain title documents sent along with some of the concerned vehicles were stamped with the new Garland, Texas, address. The documents Bennche referenced were attached to its memorandum and were titled "Certificate of Origin for a Vehicle" from Chongqing Huansong Industries Group Co., Ltd. At the bottom of each document was a line in which "BENNCHE, LLC" was typed followed by a line for the "signature of authorized representative" containing a stamped signature of Johnny Tai. The third, and bottom, line has the typed Garland, Texas, address.

Bennche also claimed that it had legitimate defenses to the suit because six of the vehicles complained of were sold to Silver Creek by Sportsman Country which it claimed was a "separate legal entity" and that none of the

vehicles could be considered "farm equipment" under KRS 365.800 to 365.840

because they were actually recreational vehicles.

The circuit court denied Bennche's motion on January 30, 2020, by a

written order which set forth the underlying rationale of the court's determination:

> After review, the Court concludes that setting aside
> the default judgment in this case is not justified. The
> plaintiff had the defendant served at its registered
> address, which was only reasonable on its part. Any fault
> for not changing the address must lie with the defendant.
> Further, while the defendant may have some defense to
> the plaintiff's claims, it has been over a year since the
> default judgment has been entered, and there would
> certainly be at least some prejudice to the plaintiff if that
> judgment were overturned at this time.

On appeal, Bennche continues to argue that it is entitled to relief from

the default judgment pursuant to CR 55.02 and CR 60.02 making the same factual

representations as those made in the circuit court and asserting that it was an abuse

of discretion for the circuit court to deny its motion.

We begin by noting our agreement with Bennche that default

judgments are not favored in Kentucky. *See Childress v. Childress*, 335 S.W.2d

351, 354 (Ky. 1960) (providing "[s]ince every cause of action should be tried upon

the merits, the rendering of judgments by default ought to be withheld where

seasonable objection is made unless a persuasive reason to the contrary is

submitted"); *Dressler v. Barlow*, 729 S.W.2d 464, 465 (Ky.App. 1987) (explaining

"default judgments are not looked upon with favor as it is the policy of the law to have every case decided on its merits").

In *First Horizon Home Loan Corporation v. Barbanel*, 290 S.W.3d 686, 688 (Ky.App. 2009), this Court set forth the applicable standard of review in such appeals:

> A trial court has broad discretion when it comes to default judgments, and we will not disturb a default judgment unless the trial court abused that broad discretion. *S.R. Blanton Development, Inc. v. Investors Realty and Management Co., Inc.*, 819 S.W.2d 727, 730 (Ky.App. 1991). For a trial court to have abused its discretion, its decision must have been arbitrary, unreasonable, unfair or unsupported by sound legal principles. *Clark v. Commonwealth*, 223 S.W.3d 90, 95 (Ky. 2007).

Our Kentucky Supreme Court has stated similarly that "[a]bsent some flagrant miscarriage of justice an appellant court should respect the trial court's exercise of discretion in these circumstances." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

CR 55.02 provides that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." In turn, CR 60.02(a) states that a court may grant a party relief from a final judgment upon grounds of "mistake, inadvertence, surprise or excusable neglect[,]" which is one of Bennche's arguments. However, such claims must be made by movants, "not more than one year after the judgment, order, or proceeding was entered or taken."

CR 60.02. Alternatively, under CR 60.02(f) a judgment may be set aside for a "reason of an extraordinary nature justifying relief" from the operation of the judgment if such a motion is "made within a reasonable time." However, because of the desirability of according finality to judgments, this clause must be invoked only with extreme caution, and only under most unusual circumstances. *Cawood v. Cawood*, 329 S.W.2d 569, 571 (Ky. 1959).

In accord with CR 55.02, if a defaulting party demonstrates "good cause," a trial court may set aside a default judgment providing said good cause meets the requirements set forth in CR 60.02. In *Barbanel*, 290 S.W.3d at 688-89, this Court explained that: "To show good cause, and thereby justify vacating a default judgment, the defaulting party must: (1) provide the trial court with a valid excuse for the default; (2) demonstrate a meritorious defense; and (3) show the absence of prejudice to the non-defaulting party." (Citations omitted.) Furthermore, "[a]ll three elements must be present to set aside a default judgment." *S.R. Blanton Development, Inc. v. Investors Realty and Management Co., Inc.*, 819 S.W.2d 727, 729 (Ky.App. 1991).

With all the above factors in mind, we turn to Bennche's arguments in addressing the three-element analysis used to determine whether or not good cause has been shown to set aside the default judgment.

Bennche argues that there was good cause for the circuit court to vacate the default judgments entered against it for two reasons. First, Bennche argues that it had a valid excuse in that it was never actually served. Second, Bennche argues it has a meritorious defense.

Bennche argues its neglect to change its registered address was inadvertent and, in any event, Silver Creek should have recognized that Bennche had relocated and effected service at its new address. As noted above, Bennche was served under Kentucky's long-arm statute, KRS 454.210, through the Office of the Secretary of State. That statute provides, in relevant part:

> [T]he Secretary of State shall make a return to the court showing that the acts contemplated by this statute have been performed, and shall attach to his return the registry receipt, if any. *Summons shall be deemed to be served* on the return of the Secretary of State and the action shall proceed as provided in the Rules of Civil Procedure.

KRS 454.210(3)(c) (emphasis added). In accord with this statute, actual notice of the lawsuit is not required to effectuate service as long as it is done in compliance with the applicable statute. *Cox v. Rueff Lighting Co.*, 589 S.W.2d 606, 607 (Ky.App. 1979). However, the Court in *Cox* went on to state that "[a]ccepting that in personam jurisdiction can be acquired without actual notice to a defendant does not a fortiori create a rule that a showing of no actual notice may not constitute good cause sufficient to warrant the setting aside of a default judgment. The facts and circumstances of each individual case should be weighed." *Id.*

The "facts and circumstances" in this matter are that Bennche did not receive the summons and complaint due to the singular fact that it failed to abide by its obligation to change its registered address with the Texas Secretary of State. The requirement that corporate entities maintain a current registered address and agent for service of process is not a mere formality but is a necessity for the consistent and effective functioning of our governing and regulatory agencies as well as the only means by which parties can effectuate redress with our judiciary. Further weighing against Bennche's argument is the fact that its continuing failure to effectuate a change of its registered address did not just occur over the course of a few weeks or a few months. In his affidavit, Johnny Tai stated that Bennche's physical address changed from Coppell, Texas to Garland, Texas, in January 2017. The summons in this matter did not issue until September 28, 2018, a full twenty-one months after the move. Whatever circumstances were involved in relocating its business, Bennche should have resolved the inaccuracies within its corporate filings well within that period of time.

Additionally, Bennche's own circuit court exhibits do not support its position. The undated Texas Secretary of State printout for Bennche lists its address as being in Garland, Texas, but the printout still lists Johnny Tai as being the registered agent for the LLC with the Coppell, Texas, address where delivery was attempted. Therefore, it appears that while Bennche informed the Texas

Secretary of State that it had changed business addresses, it affirmatively kept Johnny Tai as its registered agent with the Coppell, Texas, address. The same is true of the Franchise Tax page Bennche provided which lists it as having its mailing address in Garland, Texas, but lists its "Registered Office" as the Coppell, Texas, address.

Carelessness alone does not support a finding of excusable neglect or good cause. Accordingly, we cannot say that the circuit court's determination on this issue was an abuse of discretion.

Next, Bennche asserts that Silver Creek had actual knowledge of its new address and, therefore, Silver Creek should have served Bennche accordingly. In support of this argument, Bennche provided Certificate(s) of Origin for a Vehicle, which contained the Garland, Texas, address. This argument is without merit. First, a business address is not necessarily the registered address for service of process. Many, if not a majority of, legal entities conduct operations at one or more addresses that are remote from the address of their registered agent. Assuming that an employee or agent of Silver Creek even noticed that Johnny Tai and Bennche were using the Garland, Texas, address on the certificates, that does not mean that anyone at Silver Creek knew or had reason to believe that Bennche would not receive and accept service at the Coppell, Texas, address. The Coppell, Texas, address was set forth on the Independent Dealer and Service Agreement

that Bennche entered with Silver Creek and there is no evidence that Bennche ever notified Silver Creek in written form, or otherwise, that its "notice address" in the agreement had changed. Additionally, as discussed above, Bennche still maintained the Coppell, Texas, address as its registered address with the Texas Secretary of State.

As to the requirement that it demonstrate a meritorious defense, Bennche presents two arguments – that it did not have to accept the return of the vehicles and that it was not the entity that sold each of the vehicles in question to Silver Creek. Bennche argues that some of the complained of vehicles it had sold to Silver Creek were not "farm equipment" and therefore Silver Creek could not utilize KRS 365.800 *et seq*. as the basis for its complaint. KRS 365.805 requires suppliers of certain types of products who enter into agreements with retailers to repurchase inventory from the retailers upon terminating the agreement.

The statute defines "[i]nventory" as "farm implements, tractors, farm machinery, consumer products, utility and industrial equipment, construction and excavating equipment, and any attachments, repair parts, or superseded parts for the equipment[.]" KRS 365.800(3). The term "[c]onsumer products" is also defined as "machines designed for or adapted and used for horticulture, floriculture, landscaping, grounds maintenance, or turf maintenance, including but not limited to lawnmowers, rototillers, trimmers, blowers, and other equipment

-11-

used in both residential and commercial lawn, gardening, or turf maintenance, installation, or other applications[.]" KRS 365.800(5). We cannot say, as a matter of law, that the vehicles sold by Bennche do not fall under the umbrella of the statute's definitions. While some of the vehicles may be utilized by end-users exclusively as recreational vehicles, that does not mean that the vehicles are not, or cannot, be utilized in commercial and/or agricultural pursuits.

Bennche also alleged that six of the vehicles were sold to Silver Creek by Sportsman Country which it claimed was a "separate legal entity." We note from Bennche's tendered exhibits that Sportsman Country lists 3101 W. Miller Road, Garland, Texas 75041 as its address on its sales order. This is the exact same business address currently used by Bennche. Also, each of the five separately described types of vehicles listed on sales order is a "Bennche" named model. Bennche also did not provide any separate dealer agreement between Sportsman Country and Silver Creek. Therefore, it would appear that the vehicles listed on that sales order were delivered pursuant to the original dealer agreement between Bennche and Silver Creek. There is simply nothing in the record that would support the conclusion that Sportsman Country is a separate entity who should be legally responsible in Bennche's stead.

As to the requirement that it show the absence of prejudice to the non-defaulting party, Bennche argues that "[p]rejudice can only occur when a party is

damaged or otherwise suffers a detriment to a legal right" and that Silver Creek had no right of recovery under KRS 365.800. This argument is an extrapolation of Bennche's prior argument that it had a meritorious defense in that the statute does not apply to the vehicles it sold to Silver Creek. Having already decided that issue in the negative, we do so here as well.

After thoroughly reviewing the pleadings, we are confident that Silver Creek sufficiently stated all the elements of a cause of action and, therefore, the pleadings are sufficient to support the judgment entered. *See Dalton v. First Nat'l Bank of Grayson*, 712 S.W.2d 954, 956 (Ky.App. 1986) (explaining "default judgment may not be based upon a complaint which fails to state a cause of action"). We find nothing improper in the Henderson Circuit Court's entry of default judgments against Bennche or in its refusal to set them aside.

Accordingly, we affirm the judgment.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Zack N. Womack
Henderson, Kentucky

BRIEF FOR APPELLEE:

J. Christopher Hopgood
Henderson, Kentucky